# Wolf Company, Appellant, *v.* Pennsylvania Railroad.

*Mechanic's lien—Statutory requirements—Necessity of compliance with.*

A mechanic's lien is purely statutory and compliance with the statutory requirements is necessary in order to give it validity. There is no intendment in its favor. It must be self-sustaining and must show on its face that it is such a lien as the statute authorized the claimant to file.

*Mechanic's lien—Act of June 4, 1901, P. L. 431—Subcontractors—Notice to owner—Sworn statement—Date of last work.*

The provision of the Act of June 4, 1901, P. L. 431, that the owner shall not only have notice of a subcontractor's intention to file a mechanic's lien, but also that a sworn statement shall be served upon the owner setting forth "the date when the last work was done or materials furnished," is an essential requirement, and failure to comply with it is fatal to the validity of the claim.

A notice and sworn statement served by a subcontractor upon the owner set forth that "the last materials therefor were delivered on or about July 30, 1903." The notice and sworn statement were served on October 21, 1903, and there was no attempt to explain why the date of the last item delivered was left indefinite. *Held*, that the mechanic's lien was properly stricken off.

Argued Oct. 19, 1905.   Appeal, No. 28, Oct. T., 1905, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1903, Mechanic's Lien Docket, No. 4057, making absolute rule to strike off mechanic's lien.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Rule to strike off mechanic's lien.

From the record it appeared that the notice attached to the lien was as follows :

" City of Philadelphia, state of Pennsylvania, ss.

" James J. Pallard, being duly sworn according to law, doth depose and say that he is manager for the Wolf Co., and that he has personal knowledge of the matters hereinafter referred to, and that the said the Wolf Co. have a just and legal claim against Seeley, Son & Co., contractors, and the Pennsylvania Railroad Co., owners or reputed owners, for the sum of $275.98, of the following nature and character, to wit :

" On or about May 18, 1903, the said Seeley, Son & Co. ordered from the said the Wolf Co. one double roller mill as follows :

" The Wolf Co.,

" 804 Penna. Bldg.,

" PHILADELPHIA, PA.

" Gentlemen :

" In confirmation of our verbal order, please ship to us at Germantown Junction, Phila., via Pennsylvania Railroad, 1 double roller mill (4 rolls) 9 in. x 30 in. ; 6 corrugations with

single bell-drive-pulley on mill 14 in. x 8½ in.  An early shipment will oblige.

"Yours very truly,
(Signed)                    "SEELEY, SON & CO.

"Pursuant to this order the said the Wolf Co. delivered said mill to said Seeley, Son & Co., and the same was erected upon the premises of the Pennsylvania Railroad Co., in the city of Philadelphia. The charge therefor was $275.98, as per agreement, and the last materials therefor were delivered on or about July 30, 1903. It is the purpose of the said the Wolf Co. to file a mechanic's lien against the said Seeley, Son & Co. and the Pennsylvania Railroad Co. for the price of said mill.

"Sworn to and subscribed, etc.
(Signed)            JAMES J. PALLARD."

The bill of particulars attached to the lien is as follows:
"Seeley, Son & Co.,
                    To The Wolf Co., Dr.
. 1903. July  1. Frame portion of machine.
. 1903.        21. Rolls for roller machine.
              30. One roll lever for 9 x 30 roll
                  ½ in. extra length in hub,   .   $275.98."

The court struck off the lien because of the insufficiency of the notice and sworn statement.

*Error assigned* was the order of the court.

*C. Wilfred Conard*, with him *Allen C. Middleton*, for appellant.—In construing sec. 8 of the act of 1901 we are at liberty to follow the rules laid down under the former acts where questions similar to this have more than once arisen. Under former acts it has properly been decided, as found by the learned judge of the court below, that a mechanic's lien is purely a statutory proceeding, and that the requirements of the statutes must be strictly followed. At the same time, it has been decided that "certainty to a common intent" is all that is needed, and that "hypercritical" criticism is not to be adopted: Knabb's App., 10 Pa. 186; Sholl v. Gerhab, 93 Pa.

346; Rush v. Able, 90 Pa. 153; Calhoun v. Mahon, 14 Pa. 56; Este v. Penna. R. R. Co., 27 Pa. Superior Ct. 521.

*J. Quincy Hunsicker*, with *John Hampton Barnes*, for appellee.—The owner cannot ascertain from the notice and sworn statement whether the last material was furnished within the three months or not. In view of the character of the statement of the date and the lapse of time, the presumption must be taken strongly against the appellant, and what he has not stated may be fairly presumed not to exist.

The purpose of using the phrase or words, " on or about " in a deed or other writing of any kind is to escape the necessity of being bound by the statement of the exact date. It means to state not the actual date, or any date, certainly not the real date. " On or about " may cover a variation of more than nine days, which would be fatal to the claim. The phrase is thus defined :

" On or about." " Unless otherwise provided by the statute may not recite a date or an occurrence with sufficient certainty."

" The actual day may be before or after the date stated." In support of the latter part of the definition the note cites Conroy v. Oregon Construction Co., 23 Fed. Repr. 71 : Anderson's Law Dictionary.

" On or about." " A phrase used in reciting the date of an occurrence or conveyance to escape the necessity of being bound by the statement of an exact date : " Black's Law Dictionary.

The supreme court of Illinois, under a similar statute, held as follows : " The provisions of sec. 4 of the mechanic's lien act of 1887, that the claim for lien filed with the circuit court clerk should truly set forth the times when such material was furnished or labor performed, is material and imperative: " May Purington & Bonner Brick Co. v. General Engineering Co., 180 Ill. 535 (54 N. E. Repr. 638).

Substantial compliance is essential, and substantial compliance is, in fact, all to a common intent, a statement of the truth according to the fact: Knelly v. Horwarth, 208 Pa. 487 ; Singerly v. Cawley, 26 Pa. 248 ; Goodfellow v. Manning, 148 Pa. 96 ; Barclay's App., 13 Pa. 495 ; Noll v. Swineford, 6 Pa. 187 ; Best v. Baumgardner, 122 Pa. 17 ; Langenheim v. Anschutz-

Bradberry Co., 2 Pa. Superior Ct. 285 ; Groezinger v. Ostheim, 135 Pa. 604.

OPINION BY PORTER, J., November 20, 1905:

This is an appeal by the plaintiffs from an order of the court below making absolute a rule to show cause why a mechanic's lien should not be stricken from the record.   The plaintiffs were subcontractors, the lien set forth that the contract was made with Seeley, Son & Company, persons other than the owner, and, as required by paragraph 11, section 11, of the Act of June 4, 1901, P. L. 431, stated " when and how notice was given to the owner of an intention to file the claim." The court below held the notice to the owner thus set forth in the claim to be insufficient, under the provisions of the 8th section of the act of June 4, 1901, and struck off the lien.

The allegation of notice to the owner was, in this case, essential to the validity of the claim, and if it appeared upon the face of the record that the notice given failed to meet the requirements of the section of the statute referred to, the lien was properly stricken off.   " A mechanic's lien is purely statutory and a compliance with the statutory requirements is necessary in order to give it validity.   There is no intendment in its favor.   It must be self-sustaining and must show on its face that it is such a lien as the statute authorized the claimant to file.   This has been the uniform course of decisions under former acts : " Knelly v. Horwath, 208 Pa. 487.

The 8th section of the act of 1901 imposes upon a subcontractor who intends to charge the property of an owner the duty of not only giving that owner notice of such intention but, also, requires that he furnish that owner " with a sworn statement setting forth the contract under which he claims, the amount alleged to be still due and how made up, the kind of labor or materials furnished, and the date when the last work was done or materials furnished."   " Such notice and statement must be served at least one month before the claim is filed, and within three months after the last of his work was done or materials furnished, if he has six months within which to file his claim, and within forty-five days thereafter, if he has but three months within which to file it."   These provisions are mandatory, compliance with them is a condition precedent to

the right to file a lien. The time when the work was done is an important matter in dealing with mechanics' liens; the lien must be filed within a fixed period after the last work was done or materials furnished, and the notice and statement must be served on the owner at least one month before the claim is filed and within a definite time after the completion of the work. The provision of the statute that the owner shall not only have notice but that a sworn statement shall be served upon him setting forth " the date when the last work was done or materials furnished," is an essential requirement, and failure to comply with it is fatal to the validity of the claim. The subcontractor has three months, or forty-five days as the case may be, within which to obtain the information which he must include in his sworn statement to the owner; he ought to be able within that time, if ever, to ascertain definitely when he did complete the work or furnish the last materials for which he seeks to hold the owner liable. The statute assumes that one who seeks to charge the property of another, with whom he has no contract relation, knows, or will within the period fixed be able to ascertain, the dates when he furnished the materials or did the work, upon which his claim is founded, and it expressly requires that he shall inform the owner as to the date of the last item. The notice and sworn statement served upon the owner in this case did not pretend to definitely state the date when the last materials were furnished, but left that whole question open by setting forth that, " the last materials therefor were delivered on or about July 30, 1903." The notice and sworn statement were served on October 21, 1903, almost three months after July 30, and there was no attempt to explain why the date of the last item was thus left indefinite. If the claimants furnished the materials on the credit of the building they ought to have been able to inform the owner when the delivery was made. It is important in determining the rights of the parties under mechanics' liens that the date of the last item of a claim shall be definitely fixed. The statute expressly requires that the claimant shall, under the sanctity of an oath, inform the owner as to that date. A notice which, without satisfactory explanation, leaves that date uncertain fails to meet the statutory requirement.

The order of the court below is affirmed.