## Collins, Appellant, *v.* Pennsylvania Railroad.

*Mechanic's lien—Subcontractor—Notice—Act of June* 4, 1901, *P. L.* 431.
  Where a mechanic's lien shows upon its face that the contract under which
the plaintiff furnished the materials was made with a person other than the
owner, it is essential under paragraph 11, sec. 11, of the Act of June 4, 1901,
P. L. 431, that it should state "when and how notice was given to the owner
of an intention to file the claim." A mere statement that the material was
furnished "in pursuance of a verbal contract" between the contractor and
the plaintiff is insufficient.

Argued Oct. 19, 1905. Appeal, No. 35, Oct. T., 1905, by
plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1903,
No. 2657 M. L. D., making absolute rule to strike off mechanic's lien in case of William J. Collins, trading as Joseph H.
Collins & Son, v. The Pennsylvania Railroad Company, owner
or reputed owner, and M. F. Seeley, J. S. Seeley and C. R.
De La Matyr, trading as Seeley, Son & Company, Contractors.
Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON
and HENDERSON, JJ. Affirmed.

Rule to strike off mechanic's lien.   Before BEITLER. J.
The notice and affidavit were as follows :

"William J. Collins, trading as Joseph H. Collins & Son, v.
    Pennsylvania Railroad Company, owner or reputed owner,
    and Seeley, Son & Company, contractors.

"Philadelphia, October 30, 1903.

"To the Pennsylvania Railroad Co.:

"Please notice, that it is my intention to file a mechanic's
claim against the grain elevator, power house, stock and office
building erected upon the lot of ground at Germantown Junc-
tion in the city of Philadelphia, bounded by Park avenue,
Sedgeley avenue, Clearfield street, and Thirteenth street.

"Very truly,
"WILLIAM J. COLLINS,
"Trading as Joseph H. Collins & Son."

"City and County of Philadelphia, *ss. :*

"William J. Collins, trading as Joseph H. Collins & Son,
being duly affirmed according to law, says : I claim from the
Pennsylvania Railroad Company, owner or reputed owner, and
Seeley, Son & Company, contractors, the sum of $1,134.62, with
interest from September 5, 1903, the said sum being the bal-
ance due me of the sum of $13,236.04 for materials, to wit:
Lumber furnished by me to the said Seeley, Son & Company,
for, in, and about the erection and construction of the grain
elevator, power house, stock and office building erected upon .
the lot of ground at Germantown Junction, in the city of Phila-
delphia, bounded by Park avenue, Sedgeley avenue, Clearfield,
and Thirteenth streets, between January 17, 1903, and Septem-
ber 5, 1903, on which last mentioned date the last of said ma-
terial was furnished to the said Seeley, Son & Company, con-
tractors, as aforesaid.   The said lumber was furnished by me
in pursuance of a verbal contract between Seeley, Son & Com-
pany and myself.

"I have been informed, and in consequence of such informa-
tion further notify you, that the buildings aforesaid were erected
and constructed by the said Seeley, Son & Company, in pur-
suance of the agreement made and executed between the said
Pennsylvania Railroad Company and the said Seeley, Son &

Company for the erection and construction of the said buildings.

" Affirmed and subscribed, etc.

" WM. J. COLLINS."

The court made absolute rule to strike off the lien.

*Error assigned* was the order of the court.

*Henry Spalding*, of *Fell & Spalding*, with him *Alfred Moore*, for appellant.

*J. Quincy Hunsicker*, with him *John Hampton Barnes*, for appellee.

OPINION BY PORTER, J., December 11, 1905 :

This mechanic's lien showed upon its face that the contract under which the plaintiff furnished the materials was made with a person other than the owner, and it was essential, under the provisions of paragraph 11, sec. 11 of the Act of June 4, 1901, P. L. 431, that it should state " when and how notice was given to the owner of an intention to file the claim." The court below held the notice set forth in the claim to be insufficient, under the provisions of the 8th sec. of the act of June 4, 1901, and struck off the lien.

We have held, in The Wolf Company v. Pennsylvania Railroad Company, ante, p. 439, that if in a case of this character it appears upon the face of the record that the notice given failed to meet the requirements of the section of the statute referred to, the lien should be stricken off. The right of the plaintiff to file a lien is founded upon the statute, which makes the giving of the notice, required by the 8th sec. of the act, a condition precedent to the exercise of the right. The legislature has made the right of a subcontractor, intending to file a claim, dependent upon his giving the owner written notice to that effect, " together with a sworn statement setting forth the contract under which he claims," etc. The vital elements of a contract are the covenants which it contains, and a statement which does not furnish the owner with information as to the

substantial covenants of the contract does not meet the requirements of the statute. The only information which the notice served upon these defendants conveyed as to the nature of the contract was that : " The said lumber was furnished by me in pursuance of a verbal contract between Seeley, Son & Co. and myself." This only informed the defendants as to the character of the evidence by which the covenants of the contract were to be established, but left them wholly in ignorance as to what the contract really was ; and bound the plaintiff to nothing. He might, untrammeled by this notice, prove any covenants, made at any time, so long as those covenants were verbal. This was not the character of notice to which the owner was entitled.

The order of the court below is affirmed.