# Day *v.* Pennsylvania Railroad Company, Appellant.

*Mechanics' liens—Subcontractor—Notice of intent to file lien.*

1. Where a written notice by a subcontractor to the owner, of an intention to file a mechanic's lien has attached to it a copy of the contract between the subcontractor and the contractor, which does not in express terms refer to certain specifications under which the subcontractor's work was done, the notice will not be deemed insufficient, if it appears as a fact that the specifications themselves were in the possession of the owner. Even if the notice were deemed insufficient on this account, an amendment made after trial and verdict which brought the specifications on the record, would cure the defect.

2. Where, in such a case, the article supplied by the subcontractor was a patented device composed of various parts of iron, wood, etc., the subcontractor was not bound to set out in his notice an itemized statement of the different articles and materials of the device as a whole.

3. Where on the trial of a scire facias sur mechanic's lien the evidence is conflicting as to the date when the work was finished and completed, the case is for the jury.

Argued Jan. 19, 1909. Appeal, No. 128, Jan. T., 1908, by defendant, from judgment of Superior Court, Oct. T., 1907, No. 197, affirming judgment of C. P. No. 3, Phila. Co., Dec. T., 1903, No. 3,882, M. L. D. in case of H. L. Day v. Pennsylvania Railroad Company, Owner, and M. F. Seeley, J. S. Seeley and G. R. Delamatyr, trading as Seeley, Son & Co., Contractors. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from the Superior Court.

MORRISON, J., filed the following opinion:

This is an appeal by the Pennsylvania Railroad Company, owner, from a judgment on a sci. fa. sur mechanic's lien in favor of the appellee, a subcontractor. Seeley, Son & Company entered into a contract with the appellant for the erection and construction of a grain elevator. The structure was to be equipped with a certain patented device known as a "dust collector." On February 21, 1903, Seeley, Son & Company entered into a written contract with the appellee for the construction and installation of the dust collector complete, for the entire sum of $2,124. The appellee averring that he had completed his contract in accordance with its terms and specifications referred to in the contract, furnished by George M. Moulton & Company, and that the contractors had neglected and refused to pay him for his work and materials, gave notice to the appellant, in writing, duly sworn to, and served on October 30, 1903, of his intention to file a mechanic's lien against said grain elevator, etc., to secure a balance alleged to be due appellee of $940.79. In pursuance of said notice, the appellee filed his lien January 15, 1904. As the claim was filed appellee claimed the additional sum of $168, as alleged under a verbal modification of the written contract, and this sum was included in his lien.

A rule was taken to strike the lien off and, on argument and consideration, the court below made the rule absolute as to the $168, and discharged it as to the balance.

In the opinion of the court refusing to strike off the lien as filed, under the written contract, some doubt is expressed in regard to the failure of the written notice to refer to and give information as to the George M. Moulton & Company specifications referred to in said contract. The learned court, however, held the notice sufficient and refused to strike off the lien for that reason.

While we find several reasons alleged by appellant in the statement of questions involved, assignments of error, argument, etc., for reversing the judgment, they all hinge on the question of the validity of the lien: First, as to the specifications of George M. Moulton & Company, they were in terms

made a part of the contract between the appellee and Seeley,
Son & Company. The recital in the contract is "with the
dust collecting system according to the specifications of
George M. Moulton & Company and the following specifica-
tions." We are not fully convinced that the failure to attach
to the lien the Moulton & Company specifications and to set
them out in the notice was fatal to the lien. But we need not
decide that question because the learned court below per-
mitted the lien to be amended, and if said specifications were
a material part of the lien, the amendment brought them on
the record and cured that defect. That the court had power
to grant this amendment, we think is clear under the fifty-first
section of the Act of June 4, 1901, P. L. 431. That this
amendment was not made until after trial and verdict, we do
not consider material. It was purely technical, and upon the
facts we do not think it introduces anything new into the case
of which the appellant has cause to complain. It is averred,
and not denied, that during all the time the work was being
done and the litigation carried on, the appellant had posses-
sion of the Moulton & Company specifications and the ap-
pellee did not have possession or custody of the same, or a
copy thereof. Moreover, we understand it to be a conceded
fact that the appellee completed the dust collector in accord-
ance with his contract and the specifications, and, therefore,
we cannot see how it would have benefited the defendant a
particle if the Moulton specifications had been attached to
the lien and referred to in the notice to the defendant of the
appellee's purpose to file the lien.

It is contended that the lien is bad because it fails to com-
ply with paragraphs 4, 6 and 8 of sec. 11 of the act of June 4,
1901. But when we take into consideration the fact that the
appellee agreed to construct and install a complete dust col-
lector, which was a patent device composed of various arti-
cles of wood, iron, etc., and that the appellant was fully ad-
vised of the appellee's claim by the copy of the contract and
specifications attached thereto, and reference to the Moulton
specifications contained therein, we are inclined to the opinion
that the paragraphs referred to were substantially complied

with. We cannot agree with the contention that the appellee was bound to set out an itemized statement of the wood, iron, pipes, nails and other materials which went into the construction of the completed dust collector.

We are of the opinion that the notice of the intention to file a lien, dated October 26, 1903, was a substantial compliance with the act of assembly, and under the facts it gave the defendant all the notice required: sec. 8, Act of June 4, 1901, P. L. 431.

It is admitted that the notice served is in the following form:

"To the Pennsylvania Railroad:

"I hereby give you notice that I intend to file a mechanic's lien on the grain elevator and curtilage appurtenant thereto, situate at Germantown Junction, Philadelphia, Pa. The amount due to me is $940.79. My claim arises out of a written contract with Messrs. Seeley, Son & Co., Contractors, a copy whereof is hereto attached and made part hereof, my obligations in said contract having been fully performed by me. The said sum is made up of the contract price therein recited, to wit, $2,124.00, together with the further sum of $168.00, the reasonable cost of testing and altering the work done under the aforesaid contract.

"There has been paid to me by the Contractors the sum of $1,351.21, leaving the aforesaid sum of $940.79 still due and payable to me. The labor and materials furnished for the said grain elevator by me were such as are necessary in the erection of the patented dust collector which formed the subject-matter of the aforesaid contract. The last work done and materials furnished in and about the erection of the said dust collector were done and furnished August 7, 1903.

"[Signed]    H. L. Day."

This notice was duly sworn to on October 26, 1903, and served on October 30, 1903. When we remember that the appellee's contract was attached to this notice and that it simply referred to the specifications of George M. Moulton & Company, and that they were not made a part of the contract,

and that they were at all times in the custody of appellant, we think this notice is sufficient.

The case was tried on its merit, and the jury found on sufficient evidence all of the essential facts entitling the appellee to recover. We do not understand it to be contended that the amount of the verdict and judgment is not justly due and owing to the appellee, and it is conceded that he could not collect the same from Seeley, Son & Company.

The most serious question raised at the trial was whether the dust collector was finished and completed prior to July 30, 1903, or was it not so completed until August 7, 1903. If it was completed at and before the former date, then the sworn statement of notice served October 30, 1903, was too late and the lien was invalid, but if the work done up to August 7, 1903, was a necessary part of the construction of the dust collector, then the notice was in time and the lien filed in pursuance thereof was valid. This question was squarely raised by points presented by defendant's counsel, and the jury was carefully instructed as to the law and that the lien could not be sustained and the verdict must be for the defendant if the work done in August "was not done in and about the erection and construction of the dust collecting system, but was done in changing or altering the work already done and put in so as to make the system operate as a completed work, then your verdict ought to be for the defendant."

Under the evidence this question was for the jury: Holden v. Winslow, 18 Pa. 160; Driesbach v. Keller, 2 Pa. 77. We do not consider the alleged insufficiencies of the notice and claim as presenting any substantial difficulty. "The object of the notice is to inform the owner of the demand and the nature thereof in order that he may require payment of the contract, or in default thereof, withhold the amount from the contract price:" Thirsk v. Evans, 211 Pa. 239. All the cases agree that a substantial compliance is sufficient, and this is shown to exist wherever enough appears on the face of the statement to enable the owner to ascertain the amount of the claim, its date and the nature and amount of the labor or material out of which it arises: Este v. Penna. R. R. Co., 27

Pa. Superior Ct. 521. In American Car & Foundry Company v. Alexandria Water Co., 215 Pa. 520, a lien was filed by a subcontractor, and it was stricken off by the court below. In reversing the judgment and reinstating the lien much was said by the Supreme Court that applies to the case in hand. "But all the cases agree that a substantial compliance is sufficient, and this is shown to exist wherever enough appears on the face of the statement to point the way to successful inquiry." "Adherence to the terms of the statute is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary, without, in fact, adding anything to the security of the parties having an interest in the building sought to be incumbered. Certainty to a common intent has, theretofore, always been held to suffice." The doctrine of that case and several others, construing the act of 1901, we think upholds the lien in the present case. We are at a loss to see what additional knowledge or benefit the appellant would have derived if the court below had required a strict compliance with all of the extremely technical points raised by counsel for appellant. If the court below had adopted the counsel's views, and struck the lien off, it would, we think, have been error. It is well to note that this is a contest between the subcontractor and owner, and that no lien creditor is questioning the validity of the mechanic's lien.

We do not find any reversible error raised by the several assignments, and they are all dismissed, and the judgment is affirmed.

*Error assigned* was the judgment of the Superior Court.

*J. Quincy Hunsicker*, with him *John Hampton Barnes*, for appellant.

*Harry E. Kohn*, for appellee.

PER CURIAM, March 22, 1909:

The judgment is affirmed on the opinion of the Superior Court.