# Hart, Appellant, *v.* Lehigh Valley Railroad Company.

*Mechanics' liens—Notice to owner—Subcontractor—Act of June 4, 1901, P. L. 431.*

1. The notice required to be given by a subcontractor to the owner under the mechanics' lien Act of June 4, 1901, P. L. 431, must set forth the contract and the amount alleged to be still due "and how made up." This provision is obligatory on him who would claim the benefits of the statute. Compliance with that which is specifically directed is necessary to secure a lien. Substantial conformity will not answer as to that.

2. A notice is insufficient which avers that the contract was partly verbal and partly written, but does not set forth the written orders, or show what part was written, or what part was oral, and does not show the quality, quantity and price of the several bills of materials furnished.

Argued Nov. 20, 1908. Appeal, No. 215, Oct. T., 1908, by plaintiff, from order of C. P. Bradford Co., May T., 1906, No. 3, making absolute rule to strike off mechanic's lien in case of I. S. Hart v. Lehigh Valley Railroad Company, Owner, and H. O. Hanson, Contractor. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Rule to strike off mechanic's lien. Before FANNING, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule to strike off mechanic's lien.

*H. F. Maynard*, of *H. F. Maynard & Son*, cited: Thirsk v. Evans, 211 Pa. 239; American Car, etc., Co. v. Water Co., 215 Pa. 520; Knabb's App., 10 Pa. 186; Este v. R. R. Co., 27 Pa. Superior Ct. 521.

*Henry Streeter*, with him *Davies & Davies*, for appellee, cited: Knelly v. Horwath, 208 Pa. 487; Howard v. Allison, 12 Pa. Dist. Rep. 117; Wolf Co. v. R. R. Co., 29 Pa. Superior Ct. 439; Gray v. Dick, 97 Pa. 142; McFarland v. Schultz, 168 Pa. 634; King v. First Brothers Ch., 14 Pa. Dist. Rep. 265; Bank v. Smith Construction Co., 218 Pa. 581; Mock v. Roscoe, 9 Del. Co. Rep. 286; Westmoreland Guarantee B. & L. Assn. v. Connor, 216 Pa. 543.

OPINION BY HENDERSON, J., November 8, 1909:

This case comes up on an appeal from the judgment of the court below making absolute a rule to strike off a mechanic's lien. The claimant was a subcontractor. The action of the court was based on the insufficiency of the notice to the owner of an intention to file a lien, required by the eighth section of the Act of June 4, 1901, P. L. 431. The objection to the notice was that it did not contain a statement setting forth the contract under which the claim was made nor how the amount was made up as required by the eighth section of the act referred to. It is expressly required by this statute that the notice contain a sworn statement "setting forth the contract" and the amount alleged to be still due "and how made up." This provision is obligatory on him who would claim the benefits of the statute. Compliance with that which is specifically directed is necessary to secure a lien. Substantial conformity will not answer as to that: Westmoreland Guarantee B. & L. Assn. v. Connor, 216 Pa. 543; McVey v. Kaufmann, 223 Pa. 125; Wolf Co. v. Penna. R. R. Co., 29 Pa. Superior Ct. 439. Turning then to the notice filed we find the following statement of the amount due and how made up: "The amount now due me is Fourteen

Hundred Forty-One 94-100 dollars, and is made up as follows, to wit:

| | |
|---|---:|
| Rough Hemlock ................... | $978.88 |
| Doors .......................... | 26.00 |
| Glazed Windows.................. | 138.70 |
| Mouldings, inside trim, ceiling, etc.... | 331.51 |

$1,475.09."

The contract is set forth in the following terms: "The contract under which I claim is as follows to wit: verbal and written orders and orders by telephone, by H. O. Hanson, contractor, to whom the above material was sold, or by orders by his foreman." No dates or amounts of the particular bills are furnished, nor does the notice contain any information as to the prices at which the material was furnished at any date. It shows that a part of the bill was contracted on written orders and these constitute the basis of the claim for a part, at least, of the account, and should be set forth. The notice states that there were also verbal orders and orders by telephone but it fails to show when or for what the verbal orders were given. In this respect the notice is quite unlike that set forth in Este v. R. R. Co., 27 Pa. Superior Ct. 521. In that case the notice contained a statement of the orders given by the contractors to the claimant specifying the kind and description of lumber ordered, also the receipts of the contractor for the various bills of lumber delivered and all of the orders were verbal. In the present case not only were some of the orders in writing but there is an entire absence of notice of the quality, quantity and price of the several bills of materials furnished. It is important to the owner to be advised of the nature and extent of the claimant's rights in order that he may protect himself in his settlements with the original contractor; hence, the statutory provision for notice to him. The notice given in this case does not set forth the contract within the meaning of the statute: McVey v. Kaufman, 223 Pa. 125; Collins v. Penna. R. R. Co., 29 Pa. Superior Ct. 547; and the lien was, therefore, properly stricken from the record.

The judgment is affirmed.