## McCrum-Howell Company, Appellant, *v.* Empfield.

*Mechanics' liens—Sub-contractor—Notice of intention to file lien— Contract—Verbal contract—Act of June 4, 1901, sec. 8, P. L. 431.*

Under the Act of June 4, 1901, sec. 8, P. L. 431, a notice by a sub-contractor of an intention to file a mechanic's lien must set forth the contract under which he claims; if it is a written contract the writing must be embodied in the written notice and the sworn statement, or the same, or a copy thereof attached thereto; if it is an oral contract the terms of it must be stated. A contract described as "verbal orders received from" the contractor named, is wholly insufficient. The owner is entitled to know whether or not the itemized articles set forth in the claim were of the quality, size, workmanship and material, and at the price agreed upon between the contractor and the subcontractor.

Argued May 8, 1912. Appeal, No. 148, April T., 1912, by plaintiff, from judgment of C. P. Indiana Co., June T., 1910, No. 366, for defendants non obstante veredicto in case of McCrum-Howell Company v. Edward Empfield and Indiana Real Estate and Investment Company, owners or reputed owners, and Pennsylvania Supply Company, contractor. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Scire facias sur mechanic's lien. Before TELFORD, P. J. The facts are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for plaintiff for $1,489.51. On motion the court entered judgment for defendants non obstante veredicto.

*Error assigned* was in entering judgment for defendants non obstante veredicto.

*D. B. Taylor*, with him *Thomas Sutton* and *S. J. Morrow*, for appellant.—There was a sufficient averment of

the contract: Este v. R. R. Co., 27 Pa. Superior Ct. 521; Willson v. Canevin, 226 Pa. 362; Thirsk v. Evans, 211 Pa. 239; Day v. Penna. R. R. Co., 224 Pa. 193.

*S. M. Jack*, for appellees.—There must be a strict compliance with the act: McVey v. Kaufmann, 223 Pa. 125; Wolf v. R. R. Co., 29 Pa. Superior Ct. 439; Hart v. R. R. Co., 41 Pa. Superior Ct. 224; Schively v. Radell, 227 Pa. 434.

The requirement, "setting forth the contract," means that the terms of the contract must be given in the notice. The term "verbal orders" is no more than an allegation that there were several verbal contracts. The notice does not contain a single term of any one of them: McVey v. Kaufmann, 223 Pa. 125.

OPINION BY MORRISON, J., July 18, 1912:

The McCrum-Howell Company, plaintiff, a subcontractor, filed a mechanic's lien on June 17, 1908, against the defendants, owners or reputed owners, and the contractor in pursuance of a notice of the intention to file such lien attempted to be given in pursuance of sec. 8, Act of June 4, 1901, P. L. 431. This section was amended by the Act of March 24, 1909, P. L. 65, but it is not contended that this amendment is retroactive and of course the notice must stand or fall under sec. 8 of the act of 1901. It is conceded that the notice was filed in due time and the most important question for decision is the sufficiency of the notice. In other words, does it comply with said section eight?

At the trial the learned court below was requested by defendants' counsel to give a binding instruction in favor of the defendants. The court refused to so instruct and, on proper motion, the defendants asked for judgment non obstante veredicto upon the whole record, and upon argument and due consideration the learned court, on January 29, 1912, granted judgment for the defendants non obstante veredicto, to which order the plaintiff excepted and hence this appeal.

The notice was as follows:

## "MECHANIC'S LIEN.

### "NOTICE OF SUB-CONTRACTOR TO OWNER.

"To Ed. Empfield, owner of building or improvement, situated southeast corner Philadelphia and Sixth Streets, Borough of Indiana, Pennsylvania.

"Sir:

"TAKE NOTICE, that three months have now elapsed since the last materials furnished by us in and about the erection and construction of said building and there is now due me the sum of Sixteen hundred twenty-eight and 91-100 Dollars for materials furnished as aforesaid, with interest from February 24th, 1908. Wherefore we intend to file a lien according to law upon the expiration of one month from the day of the service hereof upon you or your agent agreeable to Section 8, of the Act of Assembly approved June 4th, 1901.

"THE McCRUM-HOWELL COMPANY,

"L. Preston Gates,

"Assistant Treas.,

"Sub-contractor.

"Dated this 17th day of March, 1908, at Indiana, Pennsylvania.

"NOTE.—When Lien is filed for repairs, alterations, &c., above notice must be served within forty-five days after work is completed. See secs. 8 and 10 of Act of 1901, P. L. page 435.

### "SWORN STATEMENT.

State of Pennsylvania }
County of Indiana        } ss.

"Before me personally came L. Preston Gates, Assistant Treasurer of The McCrum-Howell Co., who signed the foregoing notice and being by me duly sworn according to law, did depose and say that the contract under which they claim is as follows: Verbal orders received from The Pennsylvania Supply Company, of Jeanette, Pa., that the

amount still due and owing to them under said contract is the sum of Sixteen hundred twenty-eight 91-100 Dollars, with interest from February 24th, 1908, which is made up as follows, to wit (here insert debts and items with credits if any):

|  |  |  |
|---|---|---|
| 17 | Enameled iron bath tubs, .......... | $189.89 |
| 73 | Enameled iron lavatories, .......... | 433.16 |
| 1 | Sectional cast iron boiler, .......... | 363.01 |
| 100 | Pounds asbestos cement, .......... | 1.50 |
| 103 | Cast iron radiators, ................ | 618.67 |
| 24 | Loose cast iron radiator sections, .... | 22.68 |
|  |  | $1,628.91. |

"That the kind of labor furnished was none. The materials furnished as above and the date when the last materials were furnished was on the 24th day of December, 1907.

"L. PRESTON GATES.

"Sworn to and subscribed before me this 17th day of March, A. D. 1908.

"J. A. CROSSMAN,

(SEAL)                                     Justice of the Peace.

"My commission expires on the first Monday in May, 1908."

So much of sec. 8 of the act of 1901 as is material to the question we are now considering reads as follows: "Any sub-contractor, intending to file a claim, must give to the owner written notice to that effect, together with a sworn statement setting forth the contract under which he claims, the amount alleged to be still due and how made up, the kind of labor or materials furnished and the date when the last work was done or materials furnished."

A very important thing in this section is a statement setting forth the contract under which he claims. It will be observed that the notice served in the present case contains, as to the contract, only "verbal orders received

from the Pennsylvania Supply Co. of Jeanette, Pa."
If the contract had been in writing no one would contend
that a statement that the contract was in writing would
be a compliance with the law. It must be conceded that
in such case the written contract must be embodied in
the notice and sworn statement, or the same, or a copy
thereof, attached thereto. Now we are unable to see why
it is not just as necessary to set forth the substance of the
verbal contract. What was this contract? The language
"verbal orders received from the Pennsylvania Supply
Co." conveys no information as to the terms of the
contract. It is contended earnestly by appellant's learned
counsel that taking the notice all together it is sufficient
because it states the total amount due for enameled
ware bath tubs, enameled iron lavatories, one sectional
cast iron boiler, 100 pounds asbestos cement, 103 cast
iron radiators, twenty-four loose cast iron radiator sec-
tions and to each of these items the total price is carried
out. But the owner was entitled to know what the verbal
contract was. What was the kind and quality, for instance,
of the enameled iron bath tubs? Were they all alike and
of the same price? Or did they differ in quality and price
or in size? And so as to the other articles. Surely the
owner was entitled to know what the contract was as
between the contractor and the subcontractor and then
he could investigate and ascertain whether or not the
articles were furnished of the quality, size, workmanship
and material and at the price agreed upon. But from the
information contained in the notice, how could the owner
protect himself against unreasonable charges? To illus-
trate—suppose the verbal contract for the seventeen en-
ameled iron bath tubs was that they were to be furnished
for $150. In such case it will hardly be contended that
the owner could be compelled to pay $189.89 for said
tubs. The very serious defect in this notice and sworn
statement is apparent and it all comes back to the point
that the sworn statement absolutely fails to set forth the
contract under which the plaintiff claims.

The plaintiff's learned counsel relies on the following authorities as to the sufficiency of the notice under the eighth section of the act of 1901: Este v. Penna. R. R. Co., 27 Pa. Superior Ct. 521; Willson v. Canevin, 226 Pa. 362; Thirsk v. Evans, 211 Pa. 239, and Day v. Penna. R. R. Co., 224 Pa. 193, but we do not think these cases sustain their contention.   McVey v. Kaufemann, 223 Pa. 125, is a strong authority against the sufficiency of the plaintiff's notice in the present case.   In that case it was held (syllabus): "A mere statement in the notice that a contract existed without stating the date, or any of its terms, or whether it was written or oral, is insufficient." In it Mr. Justice Brown said: "The evident purpose of the requirement that a subcontractor must set forth in his notice to the owner of the building the contract under which he claims is to enable the owner to know just what the rights of the claimant are and to protect himself accordingly."   A statement that the contract is verbal does not enable the owner to determine what the rights of the claimant are under the contract.

In Hart v. Lehigh Valley R. R. Co., 41 Pa. Superior Ct. 224, we held as stated in the syllabus: "The notice required to be given by a subcontractor to the owner under the mechanic's lien Act of June 4, 1901, P. L. 431, must set forth the contract and the amount alleged to be still due 'and how made up.'   This provision is obligatory on him who would claim the benefits of the statute. Compliance with that which is specifically directed is necessary to secure a lien.   Substantial conformity will not answer as to that."

The view we take of the insufficiency of the notice renders the lien bad and therefore it is not necessary to consider the assignments of error separately.   We have reached the conclusion that the learned court below was fully warranted in directing judgment for the defendant non obstante veredicto on this ground alone.

The assignments of error are all dismissed and the judgment is affirmed.