Opinion by
Morrison, J.,
The plaintiff, a subcontractor, desiring to file a mechanic’s lien against the owner served a notice of such intention on the defendants on March 28 and 29, 1911, and on June 26, 1911, the hen was filed in Beaver county. The notice so served was attached to and made a part of the hen. On July 8,1911, the defendants filed a petition setting forth various alleged defects in plaintiff’s notice of intention to file a hen and procured a rule on plaintiff to show cause why the hen should not be stricken from the record. To this rule an answer was filed by plaintiff and on April 4, 1912, the rule was made absolute and an exception noted for the plaintiff. The controlling reason given by the court for striking off the hen was the insufficiency of the description of the “nature of the labor or materials furnished,” in said notice. An essential prerequisite to the filing of a vahd mechanic’s hen by a subcontractor has been repeatedly decidéd to be the service of the notice prescribed by sec. 8 of the Act of June 4, 1901, P. L. 431. That section requires that the subcontractor furnish the owner “with a sworn statement setting forth the contract under which he claims, the amount alleged to be still due and how made up, the kind of labor or materials furnished, and the date when the last work was done or materials furnished.” The residue of the section is in regard to the service of the notice, etc. But this section of the act of 1901 was amended *85 by the Act of March 24, 1909, P. L. 65, so that the important part of it upon the question we are considering now reads as follows: “Any sub-contractor, intending to file a claim, must give to the owners written notice to that effect, verified by affidavit, setting forth the name of the party with whom he contracted, the amount alleged to be still due, the nature of the labor or materials furnished, and the date when the last work was done or last materials furnished.”
As the notice was not served and the hen filed in the present case until after sec. 8 was so amended, of course the questions we are considering as to the sufficiency of the notice is controlled by the amended section. In Wolf Co. v. Pennsylvania Railroad Co., 29 Pa. Superior Ct. 439, we held (syllabus): “A mechanic's lien is purely statutory and compliance with the statutory requirements is necessary in order to give it validity. There is no intendment in its favor. It must be self-sustaining and must show on its face that it is such a hen as the statute authorized the claimant to file.” In that case we sustained the court below in striking off the hen because the notice was not in compliance with the law.
In the present case the learned court below struck off the hen because the notice attached to it did not, in the opinion of the court, show “the nature of the labor or materials furnished.” Ah that the notice contained on that subject was, “The nature of the labor or materials furnished was rough lumber and mill work.” The question then arises. Did this notice sufficiently inform the defendants of the nature of the materials furnished? In Hart v. Lehigh Valley Railroad Co., 41 Pa. Superior Ct. 224, we held: “It is expressly required by this statute (act of June 4, 1901) that the notice contain a sworn statement, ‘setting forth the contract’ and the amount alleged to be stih due and ‘how made up.’ This provision is obligatory on him who would claim the benefits of the statute. Compliance with that which is specifically directed is necessary to secure a lien. Substantial con *86 formity will not answer as to that.” Citing several cases.
In view of the doctrine of that case we conclude that it was material for the subcontractor to give such notice of the nature of the materials furnished as would enable the owner to examine the building and ascertain with reasonable certainty the quantity, kind and quality of the materials furnished. We think the terms “rough lumber and mill work” entirely too general to give the owner reasonable notice of what kind and quantity of lumber and mill work the subcontractor furnished for the building. There are many kinds of rough lumber and the value of the same differs widely in accordance with the kind and quality. Then again where rough lumber has been worked into a building and perhaps, in some instances, smoothed, and in others, hidden so that it cannot be seen, of what avail was it to the owner to be told that the subcontractor furnished some rough lumber. If he had been notified that certain quantities of certain kinds of lumber had been purchased by him and it was used in the building, it would have been easy, comparatively, for the owner to have ascertained the truth of the allegation in regard to such lumber and also its value. So as to the mill work — there are many kinds and grades of mill work and the notice ought to have informed the owner of the character, description and quality of that work. Was it iron mill work or wooden mill work? Was it doors, casings, window frames, flooring or finishing lumber? Surely when a subcontractor undertakes to hold the owner responsible for material furnished on a contract made with another person, it is not too much to require him to embrace in his notice of his intention to file a lien such full and specific information as will enable the owner to ascertain the name of the contractor, the amount alleged to be still due, and the character of the labor performed and a description of the materials furnished. Moreover, this seems reasonable and essential so that the owner can have an opportunity to protect himself as against the contractor.
*87 It would seem to us that the amended act requires a subcontractor to set out under the head of “nature of the labor or materials furnished” a description of the quality and character of the things furnished so that they could be distinguished and identified. The eighth section' of the act of 1901 uses the words, “the kind of labor or materials furnished.” The amendatory act of March 24, 1909, uses the words, “the nature of the labor or materials furnished.” In our opinion there is no material distinction between the two acts in this particular. The language used in both require a better description of the materials furnished than is given by the words “rough lumber and mill work.” We do not think the learned court erred in striking off the lien because the plaintiff by attaching the notice to the lien made it appear that he had not complied with the law which required him to give the notice before filing the lien, and where this vital defect appears on the face of the lien the court has power to strike it from the record: Wolf Co. v. Penna. R. R. Co., 29 Pa. Superior Ct. 439.
Counsel for appellant attack the sufficiency of the petition to strike off the lien and, in substance, allege that it was drawn in ignorance of the amendment of March 24, 1909. And they criticise the learned judge below and argue that the lien was stricken off on a petition which did not show sufficient reasons for the action of the judge, and that he went outside of the record to evolve reasons for his action. While the petition does contain some reasons that have become obsolete since the amendment of sec. 8, yet we think there is ample in the petition to warrant the court in taking notice of the requirements of sec. 8 as amended.
Clause b of the petition reads as follows: “It is not sufficiently definite to enable the owner to ascertain the amount of the claim, its date and the nature and the amount of the material out of which it arises, nor the items furnished, nor the dates upon which said material and labor was furnished or performed. Neither does it *88 show how the amount claimed was made up.” Clause c: “The claim is not itemized and there is an entire absence of notice of the quality, quantity and price of the several bills of material furnished for which the lien is claimed.”
The appeal is dismissed at the costs of the appellant, and the decree is affirmed.