## Keever v. Ulrich.

*Mechanic's liens—Amendment—Limitations—New party—Notice of intention to file claim—Sufficiency—Act of June 4, 1901.*

1. A mechanic's lien filed by a sub-contractor against the owner for materials, etc., furnished the contractor cannot be amended after the expiration of the statutory period as provided in section 51 of the Act of June 4, 1901, P. L. 431, by setting up an agreement by the owner to pay for all the work after the latter had taken over the contract, as this would substitute a new party as contractor.

2. A notice of intention to file a claim is insufficient which merely avers the furnishing of labor and materials for a total sum mentioned without stating the character, quantity or dates of delivery and without averring that there was a lump sum contract.

Motion to strike off mechanic's lien. C. P. Dauphin Co., M. L. D. "D," No. 649.

*John R. Geyer*, for plaintiff; *Metzger & Wickersham*, for defendant.

HARGEST, P. J., March 30, 1927.—The plaintiff, on June 18, 1923, filed a lien against a property therein described, situate in the Borough of Middletown, Dauphin County, Pennsylvania, and against the defendant as "the owner or reputed owner." The statement of the demand upon which the lien was based averred that "the name of the contractor with which the claimant contracted is William Noel." It was averred that the claimant furnished to the contractor, during the erection of a double brick dwelling-house, certain bathroom fixtures, pipes, soil sinks, boilers, tin roofing, gutter and conduit pipes and other equipment and all necessary labor for the installation of the plumbing and fixtures, including a range, boiler and water heater. On Sept. 10, 1923, the defendant moved to strike off the lien for the reason that it did not appear that there was any notice of the intention to file the lien given, as required by the Mechanics' Lien Law, and that it did not appear whether the lien was upon a contract for a fixed sum or upon a unit basis or at a fair and reasonable price for labor and material. On June 12, 1924, the plaintiff prayed for leave to amend his lien so that it might read, "The name of the contractor with which the plaintiff first contracted is William Noel," and also asked leave to amend so as to show that the contract was made with "Henry A. Ulrich, also known as Al Ulrich," and that in the negotiations William Noel was in fact only an agent for "Henry A. Ulrich, also known as Al Ulrich." To this petition, and the rule granted thereon, an answer was filed and the defendant, on Sept. 7, 1926, filed a further petition to strike off the mechanic's lien on the ground that no *scire facias* had been issued thereon within two years.

A number of questions have been raised in these various pleadings. It is not necessary to discuss all of them. Section 51 of the Mechanics' Lien Law

Keever v. Ulrich.

of June 4, 1901, P. L. 431, providing for an amendment of a mechanic's lien, reads, in part, as follows: "Such amendment shall be of right, saving intervening rights; except that no amendment of the claim shall be allowed, after the time for its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim or a wholly different party as the defendant with whom the claimant contracted."

This lien, as filed, shows William F. Keever to be sub-contractor, and, as a sub-contractor, he was required to give notice of his intention to file the lien. The work was done on a leasehold estate, and, under the Mechanics' Lien Law, the time for filing the lien was "within three months after the claimant's contract or agreement is completed."

The application to amend this lien by substituting the owner as the contractor was made within a few days of the expiration of a year after the lien was filed. In the petition it was averred that the contractor and the owner disagreed and the owner thereupon authorized the plaintiff to finish the work, agreeing to pay both for that which had been done and that which remained to do. It seems to be the settled law in this State that one cannot amend a lien after the time for filing has expired by striking out the name of the contractor and making the name of the owner appear as contractor.

In Lynn v. Roseto Co., 18 Northamp. Co. Repr. 109, the situation is almost on all-fours with the instant case. The owner was dissatisfied with the contractor and the sub-contractor alleged that the owner made a veritable contract with him after the time for filing had expired. The court said: "He also alleges that after he had proceeded with his work for about a month, he stated to the company that he was dissatisfied with Rissmiller, the contractor, and intended to discontinue his work, and that the officers then stated he should go ahead and the company would pay him for his work and materials and that the contract was entered into with the company directly; and he further alleges that the lien was filed at the direction of the company so that it could deduct plaintiff's claim from the sum due the plaintiff. In other words, after having set up a contract with the contractor, he proposes to amend by setting up a contract with the owner. . . . We are very clear that the statutory period having expired, the proposed amendment must be refused."

In Rodgers Sand Co. v. Pitts., C. & W. Ry. Co., 17 Dist. R. 377, the court said: "We are inclined to believe that the act means precisely what it says— that a claimant shall not be allowed to amend by substituting a different party as the person with whom he contracted, that being a matter at all times within his own knowledge."

To the same effect is John T. Dyer Quarry Co. v. S. R. Moss Cigar Co., 19 Dist. R. 872, 27 Lanc. Law Rev. 83; Bateman v. McGarrigle Livery Co., 25 Dist. R. 542; Wint Co., Ltd., v. Kurecz, 17 Northamp. Co. Repr. 163. It, therefore, appears that the plaintiff has no right to amend so as to substitute a wholly different party as the defendant with whom he contracted.

This leaves a lien of a sub-contractor which shows on its face that it was filed without giving any notice of an intention to file it.

The plaintiff also asks to amend by showing that on or about April 28, 1923, a notice was given of the intention to file the lien. The notice which he intends to prove is as follows: "Notice is hereby given that a lien will be filed by me against premises No. —— Emaus Street, Middletown, Pennsylvania, for materials furnished and work done by me, amounting to $518.50, upon which a payment of $178.40 has been made, leaving a balance due of $340.10, in accordance with the terms of the accompanying affidavit, unless said claim is forthwith paid and satisfied. William F. Keever, Sub-Contractor."

Keever v. Ulrich.

The affidavit states that the amounts set out in the notice are true and that they are for "bath-room fixtures, water pipe, soil sinks and boilers, tin roofing, gutter and conduct, seventy-two (72) feet, three-fourths (¾) inches pipe elbows and tees for gas stove, the labor consisted of installing the aforesaid work, making a base for range boiler, and fitting up water heater at a total charge of $518.50 upon which there is still due the deponent the sum of $340.10, as aforesaid."

Neither in the lien nor the notice is there any suggestion of a contract for a lump sum or any statement as to how the contract was made. The extent of the statement is "at a total charge of $518.50." There is no information given in the notice as to the character of the materials furnished; the names of the materials, but not their character or quality, are set out, and there are no dates of delivery.

We think the claim might be amended even after the expiration of the statutory period by showing the service of a notice of an intention to file the claim: Heist v. Montayne, 53 Pa. Superior Ct. 611, 614; Rich v. Boguszinski, 85 Pa. Superior Ct. 385, 387; Wyoming Valley Lumber Co. v. Turnbach, 30 Pa. C. C. Reps. 408, 411. But even if amended, the claim would be fatally defective because the notice is insufficient, and if to permit the amendment is doing a vain thing, it ought not to be done.

In Knelly v. Horwath, 208 Pa. 487, 491, the Supreme Court said: "A mechanic's lien is purely statutory and a compliance with the statutory requirements is necessary in order to give it validity. There is no intendment in its favor. It must be self-sustaining and must show on its face that it is such a lien as the statute authorized the claimant to file."

In Wolf Co. v. Pennsylvania R. R. Co., 29 Pa. Superior Ct. 439, the notice and sworn statement set forth that "the last materials therefor were delivered on or about July 30, 1903," and the court held that this language was indefinite and that the notice was not a sufficient compliance with the law to sustain the lien which was stricken off.

Section 8 of the Mechanics' Lien Law of 1901 requires "a sworn statement setting forth the contract under which he claims." The notice in this case sets forth no contract except that the work was done "at a total charge of $518.50." It does not in any way aver the terms of the contract. The authorities are uniform that a notice which does not furnish the owner with information as to the substantial covenants of the contract does not comply with the statute: Collins v. Penna. R. R. Co., 29 Pa. Superior Ct. 547; McVey v. Kaufmann, 223 Pa. 125, 128; Hart v. Lehigh Valley R. R. Co., 41 Pa. Superior Ct. 224; Herr v. S. R. Moss Cigar Co., 237 Pa. 232, 237; McCrum-Howell Co. v. Empfield, 50 Pa. Superior Ct. 551. So it is also necessary to the validity of the lien that the sworn statement must not only set out "the kind of labor and materials furnished by general allegation, but must give such a description of the quality and character of the things furnished that they can be distinguished and identified:" Breitweiser Lumber Co. v. Wyss-Thalman, 51 Pa. Superior Ct. 83, and it is not sufficient if the notice merely states that the materials furnished were "plumbers' supplies, such as bath-tubs, water-closets, lavatories, sinks, wash-trays, etc., with fixtures and appliances, soil-pipe, t's, y's, bends, ferrules, off-sets and connections, vent-boxes, solder, etc.:" Ronalds & Johnson Co. v. Rogers, 25 Dist. R. 25; Burrows v. Carson, 244 Pa. 6. This is precisely what the notice and the claim itself in the instant case do. In the case before us, there is no averment as to the dates of delivery of the specific articles, and the notice and claim are also defective for that reason: Crane Co. v. Rogers, 60 Pa. Superior Ct. 300.

Keever *v.* Ulrich.

In passing upon these questions, it must be understood that this claim must be treated as the claim of the sub-contractor against William Noel, the contractor, because there is no right to amend the claim by substituting the owner. We recognize that if the lien had been promptly filed originally, showing an acceptance and approval by the owner of a lump sum contract, an itemized account would not be necessary: Chapman *v.* Faith, 18 Pa. Superior Ct. 578.

It, therefore, appears, since there is no right to substitute the owner as the contractor after the time for filing the lien had expired, and the notice and sworn statement which the plaintiff proffers as an amendment is fatally defective on its face, such an amendment cannot have the effect of curing the invalidity of this lien. For these reasons, the motion of the defendant to strike off the lien must prevail.

Now, March 30, 1927, the rule granted upon the petition of the defendant to strike the lien from the record is hereby made absolute, the petition therefor is sustained, and the lien is hereby stricken from the record, at the costs of the plaintiff.

From Homer L. Kreider, Harrisburg, Pa.