George Cowan, R. H. Casey and Nathan Hutkoff v. Pennsylvania Plate Glass Company. Appeal of S. R. Smythe & Co.

*Mechanics' liens—Addition to building—Completion of work.*

A mechanic's lien cannot be sustained against the entire plant of a corporation when there is nothing in the claim filed to show when the work had been completed, and where it appears that the building erected by claimant was a mere addition, erected more than a year after the completion of the main building, separate and independent from it.

Argued Oct. 21, 1897. Appeal, No. 152, Oct. T., 1897, by S. R. Smythe & Co., from decree of C. P. Westmoreland Co.,

No. 265, on bill in equity. Before Sterrett, C. J., Williams, McCollum, Mitchell, Dean and Fell, JJ. Reversed in part.

Bill in equity for a receiver.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree of the court, and in deciding that the mechanic's lien of appellants was not a valid lien against the fund.

*Chas. A. O'Brien*, with him *John E. Kunkle* and *Edward E. Robbins*, for appellant.

*Vin. E. Williams*, with him *A. M. Sloan* and *W. A. Griffith*, for appellee.

Opinion by Mr. Justice Dean, January 3, 1898:

The facts, as well as the principal questions, raised before the auditor and court below on the distribution of the fund realized from the sale of defendant's real estate by the receiver, have been fully stated and considered in the appeal of the Exchange Bank of Wheeling, No. 143, October term, 1897, in opinion this day handed down, ante, p. 1. The appellants here, however, raise a question distinct from that of the appellant in that case. From the findings of fact by the auditor with reference to this claim, it appears the appellants, by a contract made August 15, 1893, erected for the Pennsylvania Plate Glass Company a gas producer, two hundred and eighty-nine feet distant from the principal building or factory. The contract price was $7,016.50, payable in thirty, sixty and ninety days. The price, up to March 28, 1894, was all paid except a balance of $1,792.26. For this amount appellants on that day filed a mechanic's lien against the entire plant, and claimed before the auditor the balance of $1,792.26. The auditor found as a fact that the building erected by claimant was a mere addition to the main building, erected more than a year after the completion of the principal one, and was separate and independent from it; that the lien should, therefore, have been filed against the separate structure, and could not be sustained against the entire plant. He further found there was nothing in the lien filed to show when the work had been com-

pleted and, therefore, he could not find that the lien had been filed within six months from the completion. For these reasons the claim was disallowed as a lien. On exceptions filed the court below confirmed the finding and conclusions of the auditor. On the facts they were clearly right in their conclusions, and the decree, in so far as it refuses to allow this claim, is affirmed.

The appeal is dismissed at costs of appellant.