# Benton, Appellant, *v.* David Berg Distilling Company.

*Mechanics' liens—Notice to owner by subcontractor—Acts of June 4, 1901, P. L. 431, and March 24, 1909, P. L. 65.*

Under Section 8 of the Mechanics' Lien Law of June 4, 1901, P. L. 431, as amended by the Act of March 24, 1909, P. L. 65, requiring a notice by a subcontractor of an intention to file a lien to set forth "the nature of the labor and materials furnished," a notice that the claimant has "furnished lumber used in the construction of the building," is insufficient.

*Mechanics' liens—Constitutional law—Special legislation—Acts of June 4, 1901, and March 24, 1909—Const., Article III, Section 7.*

Section 8 of the Mechanics' Lien Law of June 4, 1901, P. L. 431, amended by the Act of March 24, 1909, P. L. 65, requiring a subcontractor to give the owner notice of an intention to file a lien, is not special legislation in violation of Constitution, Article III, Section 7, prohibiting the "changing of methods for the collection of debts or the enforcement of judgments."

Argued Oct. 7, 1915.    Appeal, No. 282, Oct. T., 1914,

by plaintiff, from judgment of C. P. No. 5, Philadelphia
Co., Dec. T., 1913, No. 2498, M. L. D., for defendant upon
the whole record in case of Charles Benton v. David
Berg Distilling Company.   Before RICE, P. J., ORLADY,
HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.
Affirmed.

Scire facias sur mechanics' lien.

Rule for judgment for want of a sufficient affidavit of
defense.

Motion for judgment for defendant upon the whole
record.

MARTIN, P. J., filed the following opinion:

Plaintiff, a subcontractor, filed a claim on December
30, 1913, for lumber furnished to a building belonging to
defendant.   The statement set forth that defendant is
the owner, and Worthington E. Dotts, trading as W. E.
Dotts & Co., the contractor; that lumber was furnished
by plaintiff to the contractor under an oral contract, and
used in the erection of the building; the kind, amount,
and dates it was furnished are specified, and the prices
charged are stated to be the agreed prices, and are set
forth in an itemized statement annexed to the claim.
The structure and curtilage are described, and it is al-
leged that on November 21, 1913, plaintiff gave defend-
ant written notice verified by affidavit, of an intention
to file a claim, setting forth the name of the party with
whom plaintiff contracted, the amount alleged to be still
due, the nature of the materials, and the date when the
last materials were furnished.

A copy of the notice plaintiff served upon defendant is
annexed to and made part of the affidavit of defense.   It
sets forth the name of the party with whom claimant
contracted, and the amount due which is stated to be
"for lumber furnished by me to W. E. Dotts under oral
contract, and used by him in the construction of said
building."

In the affidavit of defense defendant denies that there

414 BENTON, Appellant, *v.* BERG DISTILLING CO.

was any amount due. He admits receiving notice of plaintiff's intention to file a claim, but denies that the notice set forth the nature of the materials furnished, and alleges that it was not such a notice as plaintiff was required to give before filing a claim. He also denies that the prices were the usual prices, or the fair market value of the lumber.

A replication was filed containing averments contradicting some allegations in the affidavit of defense, but the correctness of the copy of the notice of intention to file a lien which is attached to the affidavit of defense is not questioned.

Plaintiff entered a rule for judgment for want of a sufficient affidavit of defense, and defendant moved for judgment on the whole record, under the terms of Section 34 of the Act of June 4, 1901 (P. L. 47).

. The eighth section of the Act of June 4, 1901 (P. L. 434), as amended by the Act of March 24, 1909 (P. L. 65), requires a subcontractor who intends to file a claim, to give the owner written notice verified by affidavit, setting forth the name of the party with whom he contracted, the amount alleged to be still due, the nature of the labor and materials furnished, and the date when the last work was done or materials furnished. The law as amended omitted the requirements of the former act which demanded a statement setting forth the contract under which the subcontractor claims, and how the amount alleged to be still due is made up, and in place of the kind of labor and materials furnished, required the written notice to set forth "the nature of the labor and materials furnished." These words of the amended act were construed by the Superior Court in the case of Breitweiser v. Wyss-Thalman, 51 Pa. Superior Ct. 83, 87, where the court said: "It would seem to us that the amended act requires a subcontractor to set out under the head of 'nature of the labor or materials furnished' a description of the quality and character of the things furnished so that they could be distinguished and iden-

tified. The eighth section of the Act of 1901 uses the words, 'the kind of labor or materials furnished.' In our opinion there is no material distinction between the two acts in this particular. The language used in both requires a better description of the materials furnished than is given by the words 'rough lumber and mill work.' We do not think the learned court erred in striking off the lien because the plaintiff by attaching the notice to the lien made it appear that he had not complied with the law which required him to give the notice before filing the lien, and where this vital defect appears on the face of the lien, the court has power to strike it from the record: Wolf Co. v. Penna. R. R. Co., 29 Pa. Superior Ct. 439."

The objection was made in that case, that the claim was not itemized, and that there was an absence of notice of the quality, quantity and price of the several bills of materials furnished for which the lien was claimed.

It does not appear to have been the intention to overrule this decision in National Supply & Construction Co. v. Fitch, 55 Pa. Superior Ct. 212, although in that case the notice was held sufficient which stated that the subcontractor "furnished certain materials in and about the construction of said building," but the notice was accompanied by an affidavit that the contract consisted of letters and specifications, copies of which were attached, and that the claim was made up of book entries of articles furnished under the contract, copies of the entries were set out and made part of the notice.

In Willson v. Canevin, 226 Pa. 362, 366, an offer to furnish the materials specified for a specific sum without stating the price of the various items was accepted. A copy of his contract was not attached to the notice served by the subcontractor of an intention to file a lien and the prices of the materials were not stated, but an exhibit was attached containing an itemized statement of the materials furnished showing the year, month and day each item was charged, and the total of all the items.

Mr. Justice MESTREZAT in the opinion used the following language: "As we have frequently said, the purpose of giving this notice is to furnish information to the owner so that he may protect himself and not be required to pay an exorbitant price for the same labor or material. Section 9 of the act directs how the owner shall proceed when he has been served with a notice, accompanied by a sworn statement, of an intention to file a claim by a subcontractor. He may give a copy of the notice to the party personally liable for the debt and notify him that unless the claim is settled within fifteen days, or he is furnished with a sworn statement setting forth wherein it is intended to be disputed, he may pay the same and deduct the amount from the contract price or hold the contractor personally liable for any loss. If the contractor approve the claim or fail to file a sworn statement of defense thereto the owner may pay the claim and deduct the amount from the contract price or hold the contractor liable for any loss. The notice and the sworn statement accompanying it should therefor be sufficiently clear and explicit to give the owner such information as will enable him to examine and investigate the claim and determine whether it is correct or not. For this reason, the legislature in Section 8 has specifically enumerated what the sworn statement shall contain."

The notice and statement were held sufficient, but the court said:—

"The statement gives the owners a detailed account of the various items of materials furnished, the total of the price to be paid and the kind of materials furnished. This is all the information he needs to enable him to deal intelligently with the contractor and protect himself. He can readily ascertain, if he desires to know, whether or not the contract price was exorbitant and beyond the fair value of the materials agreed to be furnished. If he desires, he can have a price put upon each item of the materials furnished by a person compe-

tent to value it and in that way determine whether the sum total is exorbitant.  While the price agreed to be paid was a lump sum, the various items of the materials furnished are specifically set forth in the statement. This differentiates it from the case where the items and character of the material are not given and the price is a lump sum.  In such case the statement would not be sufficient because it would not enable the owner to ascertain the fair value of the materials furnished for which only is he liable."

It is apparent that a notice that claimant has "furnished lumber used in the construction of the building" fails to furnish a "description of the quality and character of the things furnished so that they could be distinguished and identified"; nor does it "furnish information to the owner so that he may protect himself and not be required to pay an exorbitant price for the same labor or materials."  It is true that in Thirsk v. Evans, 211 Pa. 239, 244, it was held that a copy of the notice need not be set out in the lien; and whether the notice is in proper form is a matter to be determined at the trial; but in the present case the notice is set out in the affidavit of defense, and there is no disputed question of fact in reference to it.

It was urged in argument that Section 8 of the Act of June 4, 1901 (P. L. 434), as amended by the Act of March 24, 1909 (P. L. 65), requiring a subcontractor, intending to file a claim, to give the owner written notice to that effect, was unconstitutional, in violation of the prohibition contained in Article III, Section 7, of the Constitution, forbidding the general assembly to pass any special law providing or changing methods for the collection of debts.

There is no distinction in the method of collecting the lien against the property as between the contractor and subcontractor, but in the absence of privity of contract between the owner and subcontractor, to enable the owner to protect himself against the contractor, the law,

418 BENTON, Appellant, *v.* BERG DISTILLING CO.

Opinion of Court below—Opinion of the Court. [63 Pa. Superior Ct.

requires that notice be given by the subcontractor to the owner, but the method of collecting the debt is the same in both cases.

That this section is not unconstitutional for the reason assigned in the case of Atl. Terra Cotta Co. v. Carson, 53 Pa. Superior Ct. 91, appears from the decision of that case. It was held in that case that the mere form of the notice to the defendants and the time at which it may issue, need not necessarily always remain unchanged, so long as clear and distinct notice is given and the defendants are deprived of no substantial right.

The notice in the present case was not sufficient to authorize the filing of a lien by the subcontractor.

The rule for judgment in favor of defendant upon the whole record is made absolute, and the rule for judgment for want of a sufficient affidavit of defense is discharged.

*Error assigned* was in entering judgment for defendant upon the whole record.

*Ralph B. Evans,* with him *Frank P. Prichard,* for appellant.

*Joseph H. Sundheim,* with him *Leo G. Bernheimer,* for appellee.

OPINION BY KEPHART, J., July 18, 1916:

The questions presented by this appeal were correctly determined by the lower court and we cannot add anything profitable to the reasons given in support of them in the opinion of the learned president judge of the Common Pleas No. 5 of Philadelphia County. We might suggest that in addition to the authority quoted by Judge MARTIN, concerning the constitutionality of the section in question, that it was before this court in Heist v. Montayne (No. 1), 53 Pa. Superior Ct. 611, where Judge PORTER holds that this section does not offend Section 7, Article III, of the Constitution of 1874.

Judgment affirmed.