## Wray *v.* Bowman et al., Appellants.

*Contracts—Sale of real estate — Agents — Commissions—Promises by third persons.*

The doctrine that a third person may maintain an action on a promise made for his benefit, is limited to cases where the third person is either a party to the consideration, or the contract created in him a legal or equitable interest, entitling him to compel performance.

In an action by a real estate agent to recover commissions alleged to be due him, the case is for the jury and a verdict for the plaintiff will be sustained, where it appears that the defendants, who were the owners of the land sold, agreed with the vendees to pay the commissions of the agent who had negotiated the sale.

Argued April 14, 1920.   Appeal, No. 49, April T., 1920, by defendants, from judgment of C. P. Armstrong County, Dec. T., 1917, No. 173, on verdict for plaintiff in the case of Ira J. Wray v. Adam R. Bowman et al.   Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Foreign attachment to recover real estate commissions.   Before KING, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $742.10 and judgment thereon. Defendants appealed.

*Errors assigned,* among others, was the charge of the court, answers to points and refusal of defendants' motion for judgment non obstante veredicto.

*C. L. Wallace,* of *Wallace and Rohrer,* and with him *Ralston & Graff,* for appellant.

*Harry C. Golden,* and with him *Clarence O. Morris,* for appellee.

OPINION BY HEAD, J., July 14, 1920:

The plaintiff, a real estate agent or broker, sues to recover commissions alleged to be due him because of a contract for the payment of the same made by the defendants through their authorized attorney in fact, one Alcott. The defendants were the owners of a tract of land they desired to sell and they had joined in a letter of attorney giving full authority to said Alcott to negotiate a sale of the property and do every act necessarily or reasonably incidental thereto. The plaintiff knew the farm well, had had some previous business relations with one or more of the tenants in common; knew of the authority of Alcott in the premises and finally arranged a meeting between him and a prospective purchaser, one Watson. The meeting took place at a hotel in the City of Johnstown and the plaintiff came there in company with Watson, the purchaser.

It is not necessary for the purposes of this case to assume that down to this point plaintiff had any contractual relation with either seller or purchaser for the payment to him of any sum for his services. After the principals had worked for some considerable time in trying to reach an agreement it appeared there was a difference of $1,000 between them, the purchaser offering $12,000 and the vendor demanding $13,000. All of these negotiations were conducted in the presence and hearing of the plaintiff. Finally the purchaser made the proposition that he would pay the sum of $13,000 if the sellers would take care of the commissions of Wray, the plaintiff. The plaintiff testifies and the purchaser, Watson, corroborates him, that this proposition was accepted. Thereupon the plaintiff was requested to draw up a contract of sale which he did, saw it signed by both parties and the hand money called for paid by the purchaser. His present action rests upon the promise made in the way and under the circumstances we have detailed.

Alcott, the defendant's attorney in fact, denied having made the promise in the terms and to the extent asserted

by the plaintiff and maintained that the most he had un-
dertaken to do, in any aspect of the case, was to pay the
plaintiff the sum of $100. The case was tried before a
jury who found in favor of the plaintiff and that the rea-
sonable commission, which was the subject-matter of
the promise, would be five per cent of the purchase
money and they accordingly rendered a verdict in his
favor. The manner of the submission and the exact
questions passed upon by the jury are well stated in the
following excerpt from the opinion filed by the learned
court below refusing the defendant's motion for a new
trial. "Under all the evidence in the case we submitted
to the jury in substance the following questions of fact:
1. Did Mr. Alcott expressly promise and agree to pay to
Mr. Wray his commission while they were together in
the hotel at Johnstown before the sale was finally con-
summated? If so, 2. What is a fair and reasonable
amount of said commission? 3. Was there a prior or
previous agreement by and between Mr. Alcott and Mr.
Wray by the terms of which the commission was fixed
at $100 as contended for by Mr. Alcott, and if this should
be your finding, then plaintiff would not be entitled to
recover a greater sum than $100. The jury did not
credit the testimony of Mr. Alcott with respect to the
agreement fixing the amount of the commission at $100
but manifestly it gave credence to the testimony of plain-
tiff with respect to the contract and the amount of the
commission and accordingly found for the plaintiff for
the sum of $650 with interest." It appears to us the
action of the learned trial judge in submitting the ques-
tions stated was entirely correct and the manner of their
submission left the defendants nothing to complain of in
that respect. The learned court below, in the opinion
referred to, then proceeds to answer correctly a legal
proposition urged there and here by the appellants, to
wit, that the present plaintiff could not maintain an
action in his own name upon the alleged promise because
it was not made to him and he had furnished no valuable

consideration for it.   We think it quite clear there was an adequate consideration moving to the defendants, and as a consequence the promise resting on that consideration could not be regarded as nudum pactum.   It is true the promise was not made directly to plaintiff but to Watson, the purchaser.   It was, however, made for plaintiff's benefit and for his alone; and he was the person and the only person who had any monetary interest in the performance of that promise.   Under such circumstances it has always been the law that he could maintain an action in his own name upon such a promise.

The latest utterance of the Supreme Court announcing the principle will be found in the opinion of Mr. Justice FRAZER in Klinger v. Wick, 266 Pa. 1: "Although as a general rule most jurisdictions, including our own, recognize the doctrine that a third person may maintain an action on a promise made for his benefit, yet this doctrine is limited to cases where a third person is either a party to the consideration or the contract created in him a legal or equitable interest entitling him to compel performance.   (Cases cited.)"   We are of opinion the promise found by the jury places the plaintiff precisely in the attitude described in the final clause of the sentence we have just quoted.

Looking at the whole record we have all reached the conclusion the case was well tried and that defendants have no substantial ground of complaint.   The assignments of error are overruled.

Judgment affirmed.