## Mitchell Lumber and Coal Company v. Bishop.

*Mechanic's lien—Notice of intention to file lien—Sufficiency of notice—Striking off lien.*

The notice of the intention of a sub-contractor to file a mechanic's lien must be such as will enable the owner to examine the buildings and ascertain with reasonable certainty the quantity, kind and quality of the materials furnished. A statement of the kind of materials, without anything to show the quantity or quality, is insufficient, and in such case the lien will be stricken off.

Motion to strike off mechanic's lien. C. P. Delaware Co., March T., 1921, No. 6.

*Howard M. Lutz,* for motion; *J. Frederick Martin,* contra.

BROOMALL, J., Feb. 5, 1923.—The plaintiff filed a mechanic's lien, and attached thereto a copy of the notice of an intention to file a lien.

The Act of March 24, 1909, P. L. 65, requires that the notice shall set forth "the nature of the labor or materials furnished."

The notice in this case, under this requirement, states that the materials "consisted of lumber, sheathing paper, lath, Bishopric board, plaster paris, Jersey gravel, bar sand, slag, grit, green tag lime and white coat lime."

While the words used might, in a general sense, seem to answer the requirement of the statute as to the nature of the materials, yet a construction of the words "nature of the materials" has been given in Breitweiser Co. *v.* Wyss Thalman, 51 Pa. Superior Ct. 83, wherein it is said, per Morrison, J., that the purpose of the notice is to give such notice of the nature of the materials furnished as would enable the owner to examine the buildings and ascertain with reasonable certainty the quantity, kind and quality of the materials furnished. It was held that the terms "rough lumber and millwork" were entirely too general to give the owner reasonable notice of what kind and quantity of lumber and millwork were furnished. The lien, for this reason, was stricken off. To the same effect is Benton *v.* Berg Distilling Co., 63 Pa. Superior Ct. 412.

Under the requirement as to the nature of the materials held in these cases, we conclude that the statement of the nature of the materials in the notice in the case in hand is entirely insufficient. What is said by Morrison, J., in the case cited, as to rough lumber and millwork, applies with equal force to each one of the items specified in the notice in hand. There is no information given as to the kind and quantity of the several kinds of materials mentioned in the notice.

It is, therefore, ordered, adjudged and decreed that the lien be stricken from the record, with the costs on the plaintiff.