Marchak *v.* McClure, Appellant.

Argued March 18, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Samuel Lichtenfeld,* for appellants.

*Joseph F. Harvey,* with him *Leonard F. Markel, Jr., Theodore R. Griffith* and *Griffith, Kurtz & Harvey,* for appellee.

OPINION BY WRIGHT, J., September 28, 1954:

S. Marchak, a sub-contractor, filed a mechanics' lien against premises in Chester County owned by Peter W. Messantonio and Anna Marie Messantonio,

husband and wife. The owners petitioned for a rule to show cause why said mechanics' lien should not be stricken from the record. The court below discharged the rule, and this appeal followed.

The portions of the claim with which we are concerned read as follows: "4. The materials hereinafter referred to were furnished pursuant to an oral contract entered into between claimant and contractor on or about April 1, 1952, wherein the claimant agreed to furnish certain windows, door frames, doors and lumber, an itemized statement of which is hereto annexed, marked 'Exhibit A', and made a part hereof, and for which contractor agreed to pay for each item the amount set forth opposite thereto. 5. The nature and kinds of material furnished were windows, door frames, doors and lumber . . . 7. The first materials were furnished by the claimant on April 2, 1952 and the last materials were furnished on June 22, 1952. 8. Written notice of claimant's intention, verified by affidavit, to file the within mechanic's lien claim was duly served upon the owners on September 20, 1952 by handing the same to the owner, Anna Marie Messantonio, personally, and on the owner, Peter W. Messantonio, by handing the same to his wife, Anna Marie Messantonio, at their place of business, Reliable Cleaners, Lincoln Highway, Strafford, Chester County, Pennsylvania. 9. Said materials were furnished in and about the original erection and construction of a residence for Peter W. Messantonio and Anna Marie Messantonio, owners or reputed owners, by Caldwell J. McClure, Jr., contractor, more particularly described by metes and bounds, as follows: [there is here inserted a description of a lot approximately 92 feet by 344 feet in Tredyffrin Township]".

Appellants first contend that the claim does not meet the requirements of Section 11 of the Mechanics'

Lien Act of June 4, 1901, P. L. 431, as amended, 49 PS 53, with respect to the nature of the labor or materials furnished. This section provides in part that every person entitled to a lien shall file a claim, or statement of his demand, which claim shall set forth: "2. The amount or sum claimed to be due, and the nature or kind of the work done, or the kind and amount of materials furnished, or both; and the time when the materials were furnished, or the work done, or both, as the case may be". Reliance is placed upon *McCrum-Howell Co. v. Empfield,* 50 Pa. Superior Ct. 551; *Breitwieser Lumber Co. v. Wyss-Thalman,* 51 Pa. Superior Ct. 83; and *Benton v. Berg Distilling Co.,* 63 Pa. Superior Ct. 412. Each of these cases involves the notice of intention to file required under Section 8 of the Act (49 PS 101). In the *McCrum-Howell* case the court was actually concerned with the question whether the substance of an alleged verbal contract was sufficiently set forth, and concluded that the notice did not contain such information as would enable the owner to determine whether the sub-contractor had tendered proper performance. In the *Breitwieser* and *Benton* cases the description of the materials was in general terms, unsupported by accompanying detailed exhibit.

In considering a mechanics' lien claim it must be kept in mind that substantial compliance with the Act is sufficient. This is shown to exist wherever enough appears in the statement to point the way to successful inquiry. Certainty to a common intent has always been held to suffice: *American Car & Foundry Co. v. Alexandria Water Co.,* 215 Pa. 520, 64 A. 683. See also *Howe v. Beloff,* 162 Pa. Superior Ct. 33, 56 A. 2d 352, and *Mullooly v. Short,* 365 Pa. 141, 74 A. 2d. 136. An exhibit annexed to a claim and filed therewith is to be considered as part of the lien: *American Car & Foundry Co. v. Alexandria Water Co.,* supra, 215 Pa.

520, 64 A. 683. We have concluded that the exhibit accompanying the claim in the case at bar is sufficiently clear to accomplish the purpose intended by the legislature. It sets forth the materials furnished in semitechnical language familiar to the great majority of home builders, and in such form as to be easily understood by those having knowledge of the character of the work done by the claimant. See *Citizens Bank of Palmerton v. Lesko,* 277 Pa. 174, 120 A. 808.

Appellants' second contention is that the claim fails to meet the requirement of Section 11 of the Act with respect to the time when the materials were furnished. In the exhibit annexed to the claim dates appear above each of the items furnished. We agree with the court below that the only reasonable inference is that the dates set forth in the exhibits are the dates upon which the several items were delivered. See *McClintock v. Rush,* 63 Pa. 203. In each of the cases cited by appellants[1] there was no detailed exhibit accompanying the claim. That there is a discrepancy of one day between the first delivery date averred in the body of the claim and that set forth in the exhibit is, as the court below held, of no particular significance. While better practice would indicate the propriety of an amendment, the owners could not have been mislead by the error in their investigation of the claim.

Appellants next contend that the claim fails to meet the requirements of the third paragraph of Section 11 of the Act which states that the claim shall set forth: "3. The locality of the structure or other improvement, with such description thereof as may be necessary for the purpose of identification, and a description of the

---

[1] *McFarland v. Schultz,* 168 Pa. 634, 32 A. 94; *Burrows v. Carson,* 244 Pa. 6, 90 A. 549; *Crane Co. v. Rogers,* 60 Pa. Superior Ct. 300.

real estate upon which the same is situate". In *May v. Mora,* 50 Pa. Superior Ct. 359, Judge HEAD interpreted this language as intended to protect innocent purchasers, mortgagees or other persons who, upon a search of the proper records, would be entitled to have notice of the lien.[2] Historically, this appears to have been the purpose of the requirement. See *Kennedy v. House,* 41 Pa. 39. The case of *Short v. Ames,* 121 Pa. 530, 15 A. 607, relied upon by appellants, is not controlling. In that case the claim disclosed that several buildings were erected on the premises but failed to indicate the particular one against which the lien was asserted, and described the locality in an erroneous manner. In the case at bar appellants knowledge of the true situation did not depend upon a search of the records. Certainly as to them the description was entirely sufficient for the purpose of identification.

Finally, appellants contend that the service of the notice of intention of the sub-contractor to file a mechanics' lien, as averred in the claim, does not meet the requirements of Section 8 of the Act (49 PS 101) with respect to service upon the husband. It should be noted that the averments in the claim as to when and how notice was given to the owners of the intention to file were mere surplusage, not required by Section 8 to be set forth in the claim: *Intercoastal Lumber Distributors, Inc., v. Derian,* 117 Pa. Superior Ct. 246, 178 A. 350. And see *Hamilton v. Means,* 155 Pa. Superior Ct. 245, 38 A. 2d 528. While appellee will be required at trial to show the essentials of a good lien, he cannot be penalized for a gratuitous and unnecessary

---

[2] In *Oyer v. Coble,* 71 D. & C. 293, the structure involved was designated as a barn situated on real estate described by metes and bounds. In holding that the description was sufficient, President Judge WINGERD pointed out that it would satisfy anyone who might be purchasing the premises or lending money on the security thereof.

paragraph inserted in his claim. Furthermore, assuming arguendo that the question may be raised by rule to strike, the claim does not disclose on its face that service of the notice upon the husband was insufficient. In the words of Judge HARVEY it "does not disclose whether or not the husband resided within or without the county ... Therefore, it does not disclose that which would make the service insufficient, according to the owners' contention".

The order of the lower court is affirmed.