## Sabo v. Kurland

*Walker & Walker*, for claimant.
*L. M. Cohn*, for defendants.

HENNINGER, P. J., October 25, 1960.—On May 12, 1960, claimant filed a mechanic's lien claim to above term and number against property of the above-named owners at the northwest corner of 24th and Carrot Streets in the city of Allentown.

On June 10, 1960, claimant filed an affidavit of service, apparently sworn to on June 11, 1960, by Peter Korpics, stating that he served ". . . two copies of the mechanics lien . . . upon the defendants at their residence . . . on the 9th day of June 1960, at 9:20 A.M., by handing copies thereof to Rae Kurland, one of the defendants and the wife of the other defendant, and making known to her the contents thereof."

The owners have moved to strike off the lien for lack of service of the notice required by section 21 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, as amended, April 5, 1917, P. L. 42, sec. 1, 49 PS §131, reading as follows:

"Within one month after the filing of the claim, the claimant shall serve a notice upon the owner of the fact of the filing of the claim, giving the court, term and number, and the date of filing thereof; and shall file of record in said proceedings an affidavit setting forth the fact and manner of such service. Service of the notice may be accepted by the owner's attorney; or the claimant, his agent or attorney, may serve the notice upon the owner in any of the methods now provided for by law in the case of a summons; or, if for any cause service by any of the aforesaid methods cannot be had, then by posting the notice upon the property described in the claim and by mailing a copy thereof to the owner at his last known residence. A failure to serve such notice or post it, or have service accepted as herein provided, and to file an affidavit thereof within the time specified, shall be sufficient ground for striking off the claim."

The owners contend that service was invalid because (a) only one owner was served and (2) no notice of the fact and date of filing was served.

It will be noted that the notice of filing is to be served in the manner provided for the service of a summons. Pa. R. C. P. 1009(b) (2) provides that a

writ may be served by the sheriff ". . . by handing a copy (1) at the residence of the defendant to an adult member of the family with which he resides; . . ."

Passing the question whether service of such notice must be by the sheriff as required for service of a summons by Pa. R. C. P. 1009, we note that 'two copies' were served 'upon the defendants' by handing them to 'one of the defendants and the wife of the other defendant.' In our opinion this satisfies the procedural rule as to the method of service of what was served.

The affidavit shows that service was made 'at their residence' so that service upon an adult member of the family was permissible. It is not mentioned that Rae Kurland is an *adult* member of the family, but neither is it alleged that she is not. It is stated that she is the wife of the other owner and perhaps in these days of early marriages, no inference of maturity can be drawn. In fact, however, from information received in the companion case of Lynnann Corporation v. Kurland, we know that Rae Kurland is the mother of a 12 or 14-year-old daughter and therefore certainly no longer a minor.

We believe, however, that in the absence of an allegation of infancy, we may assume that the coowner who is the wife of an owner is an adult member of his family. The service is saved by the application of sound common sense and by the absence of any language in the affidavit of service which would invalidate its effectivenes. See Howe v. Beloff, 162 Pa. Superior Ct. 33, 38, and Marchak v. McClure, 176 Pa. Superior Ct. 381, 386, on the question of liberality to be shown in interpretation of mechanics' liens.

Whatever liberality of interpretation may be permitted, however, the mechanic's lien is in derogation of the common law and is a special and exceptional statutory remedy in favor of a specific group of citizens and therefore the act must be strictly com-

plied with. See Associated Lumber and Manufacturing Company, Inc., v. Mastroianni, 173 Pa. Superior Ct. 310, 313; Day and Zimmermann, Inc., v. Blocked Iron Corp. of America, 15 D. & C. 2d 251, 252 ff., affirmed per curiam, 394 Pa. 386.

Claimant in this case has clearly served no notice of the filing of his mechanic's lien. Serving the lien itself does not necessarily notify the owner of the court, term and number and it certainly does not inform an owner, perhaps as unlettered as the mechanic himself, of the fact of filing. Even if we were to decide that the owner should have known from the presence of a term and number that the claim had in fact been filed, it would not inform him of the date of filing.

What the process server may have told the owner is immaterial, for oral service of such notice is invalid: Nagle & Son v. Lehigh Saengerbund, 14 Dist. R. 472.

We are constrained therefore to strike off the claim in this case.

Now, October 25, 1960, the rule to strike off the mechanic's claim in above-captioned action is made absolute and it is ordered that said claim be stricken from the record.