422 A.2d 146

**HAMILL QUINLAN REALTY CO., INC. and Wm. Penn Real Estate Co., Appellants,**

v.

**ROSSWOG HOMES, INC.**

Superior Court of Pennsylvania.

Argued April 10, 1979.

Filed Oct. 10, 1980.

236

Jon M. Lewis, Greensburg, for appellants.

James R. McDonald, Greensburg, for appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.*

CERCONE, President Judge:

This is an appeal from the order of the court below sustaining the defendant–appellee's, Rosswog Homes, Inc. (Rosswog), preliminary objections in the nature of a demurrer to appellants' complaint. We will affirm in part and reverse in part.

* WIEAND, J., did not participate in the consideration or decision of this case.

The record reveals that appellants, Hamill Quinlan Realty Co., Inc. (Hamill Quinlan), and Wm. Penn Real Estate Co., (Wm. Penn), filed a complaint in assumpsit against Rosswog and Frank and Evelyn DeCarlo, husband and wife, seeking payment of a real estate commission allegedly due them. The suit was predicated upon two agreements which were executed in connection with the sale of a lot and the subsequent construction of a home thereon. Examination of the complaint and agreements discloses the following.

On January [1] 22, 1977, the DeCarlos purchased a lot for the sum of $16,500.00 pursuant to an agreement of sale. The agreement states that Hamill Quinlan is the listing broker and Wm. Penn the selling broker. In pertinent part, the agreement provided that: "It is also understood between all parties that Wm. Penn Real Estate is the selling Broker for the house to be erected on subject property, including extras, and *the contractor agrees to pay a commission of five percent (5%)*." (Emphasis added.) Rosswog was neither a signatory nor a party to this agreement.

On February 28, 1977, Mr. DeCarlo, as buyer, and Rosswog, as seller, executed an agreement of sale providing for the construction of a house on the lot.[2] Wm. Penn is both the listing and selling broker under this agreement. The consideration for this transaction was $43,326.00. Most importantly, the agreement provided that the seller would pay a broker's commission of 5% of the gross selling price. Hamill Quinlan is not named as having any beneficial interest in this contract.

Subsequently, appellants made demand upon both the DeCarlos and Rosswog for, inter alia, the sum of $2,166.30 representing a 5% commission on the $43,326.00 purchase price of the house. When the request was refused, appel-

1. The complaint and briefs state that the lot was purchased in June and not January. However, the agreement, which was attached to the complaint as Exhibit "A," is unclear on this point and, for reasons which appear below, we believe the correct month is January.

2. A copy of this agreement was attached to the complaint as Exhibit "B."

lants filed suit and both the DeCarlos and Rosswog responded with preliminary objections to the complaint. In sustaining those objections, the lower court held that the DeCarlos could not be liable because under the terms of the two agreements they were clearly not obliged to pay any commissions; and, as to Rosswog, there was a lack of privity of contract. This appeal followed.[3]

In determining whether the complaint states a cause of action, "we must bear in mind that preliminary objections to a complaint in the nature of a demurrer admit every well-pleaded material fact, plus all reasonable inferences therefrom. Furthermore, such a preliminary objection should be sustained only where it appears with certainty, upon the facts averred, the law will not allow the plaintiff to recover. *Papieves v. Kelly*, 437 Pa. 373, 263 A.2d 118 (1970)." *International Union of Operating Eng'r v. Linesville Constr. Co.*, 457 Pa. 220, 224, 322 A.2d 353 (1974). See also *Allstate Ins. Co. v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973). When the instant complaint and exhibits are reviewed in accordance with the foregoing legal standards, we cannot state with certainty that the law will preclude Wm. Penn from recovering their brokerage commission from Rosswog.

■■■ As previously noted, the lower court sustained appellee–Rosswog's preliminary objections on the grounds of lack of privity of contract. In particular, the lower court based its ruling on the fact that Rosswog was not a party to the first agreement which provided for the purchase of the lot by the DeCarlos. Since it is clear that Rosswog was not a party to the first agreement, and any right to recovery Hamill Quinlan has against Rosswog rests solely on the first agreement, the court was correct in granting Rosswog's preliminary objections with respect to Hamill Quinlan. Inexplicably, however, the lower court failed to take into consideration the second agreement or contract providing

**3.** Appellants do not challenge the lower court's decision to sustain the DeCarlos' preliminary objections. Indeed, subsequent to the docketing of this appeal, we granted a petition to remove the DeCarlos as party defendants.

for the construction of a house on the lot. Rosswog, designated as the seller therein, was most definitely a party to this contract which specifically provides that the seller agrees to pay a realtor's commission of 5% of the gross sales price. Wm. Penn contends that under these circumstances it is a creditor beneficiary of the contract and entitled to maintain an action against Rosswog for collection of its commission. In this agreement Wm. Penn was named as both the listing and selling broker. Consequently, at this stage of the proceedings, we conclude that Wm. Penn has satisfactorily stated a cause of action against Rosswog.

In *Wray v. Bowman*, 74 Pa.Super. 479 (1920), a real estate agent brought suit to recover commissions on the basis of an agreement between the vendor and the vendee that the vendor would take care of the agent's commissions. Although the vendor's promise to pay the commissions was made to the vendee and not the agent, we sustained the jury's verdict in favor of the agent. In so holding it was observed that:

> "It is true the promise was not made directly to plaintiff but to Watson, the purchaser. It was, however, made for plaintiff's benefit and for his alone; and he was the only person who had any monetary interest in the performance of that promise. Under such circumstances it has always been the law that he could maintain an action in his own name upon such a promise." *Id.*, 74 Pa.Super. at 482.

Instantly, as in *Wray v. Bowman, supra,* we believe Wm. Penn has alleged a sufficient interest in the contract between Rosswog and Mr. DeCarlo to allow it the opportunity to establish its right to compel performance of that contract as it pertains to the payment of a commission. Rosswog's assertion that *Wray v. Bowman,* is distinguishable on the grounds that the present agreement is a construction contract and not for the sale of real estate, is not well taken. The essence of the decision in *Wray v. Bowman* is the well–recognized principle of the law of contracts that a third party may maintain an action for the performance of a promise which was made for his benefit. Here, Wm. Penn

has pleaded, among other things, a contract between two parties which contains a provision that is, on its face, a promise between those parties that one of them, namely, the designated seller, Rosswog, will pay a commission to a third party, the selling broker (Wm. Penn).

In sum, under the present facts of the case and the inferences reasonably deducible therefrom, it is far from clear that Wm. Penn was not entitled to maintain an action against Rosswog for recovery of its broker's commission. Accordingly, the order of the court below is reversed and Wm. Penn's complaint against appellee Rosswog is reinstated.

Reversed and remanded for further proceedings not inconsistent with this opinion.