## Parker Brothers Well Drilling Inc. v. Pine Grove Mobile Home Parks & Sales Inc.

*Chester B. Scholl,* for plaintiff.
*Anthony Perfilio,* for defendant.

FRAMPTON, *J.,* February 4, 1986—This matter comes before the court on defendant's preliminary objections in the nature of a motion to strike plaintiff's complaint to reduce a mechanics' lien claim to judgment.

On August 24, 1984, plaintiff filed a mechanics' lien against defendant at No. 70 M.L. 1984 in the amount of $14,999.72, for the installation on the

premises of defendant in Coolspring Township, Mercer County, Pa., a water purification and distribution system in the building located on the premises and the drilling of wells to be connected directly to the building by water lines. Notice of the filing of said mechanics' lien was served upon defendant on September 6, 1984.

On June 17, 1985, plaintiff filed a complaint at No. 595 C.D. 1985 to reduce to judgment the mechanic's lien claim filed at No. 70 M.L. 1984. On July 31, 1985, defendant filed the preliminary objections presently before the court at both No. 595 C.D. 1985 and at No. 70 M.L. 1984.

The defendant recites five reasons for the motion to strike. However, only three of those reasons were briefed and argued by defendant, and counsel for defendant agreed at the time of the oral argument in this case that only the issues briefed and argued should be considered by the court. Therefore, the court shall consider the following issues raised by defendant.

(1) Is the mechanics' lien defective in that the type of work and material alleged to be done and performed does not give rise to or create a mechanics' lien?

(2) Is the mechanics' lien defective for failure to set forth specifically the kind and character of labor and material?

(3) Is the mechanics' lien defective for failure to set forth the date of completion of claimant's work?

Plaintiff by way of his brief raised the claim that the preliminary objections were not timely filed.

## DISCUSSION

Were the preliminary objections to the mechanics' lien claim and complaint timely filed?

Preliminary objections are available at two stages; first, to the claim under the Mechanics' Lien Law and second, to the complaint after the action is brought under the Rules of Civil Procedure. *Schwartz and Baker v. Racing Inc.,* 25 Monroe Leg. Rep. 125 (1967).

The Mechanics' Lien Law of 1963, August 24, 1963, P.L. 1175, Art I, section 101 et seq. (49 P.S. § 1101 et seq.) provides for the filing of preliminary objections in section 505 (49 P.S. § 1505):

"Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act. The court shall determine all preliminary objections. If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise. If the filing of an amended claim is allowed, the court shall fix the time within which it shall be filed. Failure to file an objection preliminarily shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings."

In addition, defendant may file preliminary objections to the complaint with respect to errors at the claim stage, unless they have been raised and adjudicated at that stage. *I. H. Crouse & Sons Inc. v. White,* 6 D. & C. 3d 231, (1978).

The Mechanics' Lien Act of 1963 imposes no time limitation upon the filing of preliminary objections. *Hoffman Lumber Company v. Geesey,* 35 D. & C. 2d 200, (1965) except after the entry of security to discharge the claim, *Johnson Bros. v. Smythe,* 63 Pitts. Leg. J. 441 (1915); or after an answer on the merits, *Thorn v. Shields,* 8 Dist. Rep. 129. None of the noted exceptions occurred in this case.

Therefore, the court finds that preliminary objections were timely filed in this case both as to the me-

chanics' lien claim itself and to the complaint.

Is the mechanics' lien defective in that the type of work and material alleged to be done and performed does not give rise to or create a mechanics' lien?

Defendant, Pine Grove Mobile Home Park Inc., argues that the work performed in the instant case is not a proper subject for a mechanics' lien because it does not fall within the language of section 301 of the Mechanics' Lien Law of 1963 (49 P.S. §1301), which provides:

"Every improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement, provided that the amount of the claim, other than amounts determined by a apportionment under section 306(b) of this act, shall exceed $500."

The lien in this case as filed at No. 70 M.L. 1984 describes the work as "the installation of a central water receiving and distribution system in the building. This includes the installation of purification and distribution system in the building and the drilling of wells to draw water from, connected directly to the building by water lines." The building referred to is a single story brick building located on land referred to as Pine Grove Mobile Home Park which is the subject of the within lien.

The act defines "erection, construction, alteration or repair" as including:

"(a) Demolition, removal of improvements, excavation, grading, filling, paving and landscaping, when such work is incidental to the erection, construction, alteration or repair;

"(b) Initial fitting up and equipping of the improvement with fixtures, machinery and equipment suitable to the purposes for which the erection, construction, alteration or repair was intended; and

"(c) Furnishing, excavating for, laying, relaying, stringing and restringing rails, ties, pipes, poles and wires . . . in order to supply services to the improvement." Section 201(12) [49 P.S. §1201(12)]."

In addition, "alteration and repair" is defined by the act as:

"Any alteration or repair of an existing improvement which does not constitute erection or construction as defined herein." Section 201 (11) [49 P.S. §1201(11)]."

The well drilling and water system installation appears to come within the plain meaning of the statute as to the alteration and repair to an existing structure and the laying of "pipes" to supply services to the improvement. Moreover, case law, while not directly on point as to the improvements in this case, supports this interpretation from holdings in similar cases. A mechanics' lien for the construction of a driveway and sewage system was allowed in *Morrissey Construction Co. v. Cross Realty Co.*, 42 D: & C. 2nd 535, (1967). Also a mechanics' lien was permitted for the construction of a trench for a sewer line in *Grimes v. Barnes*, 85 Montgomery 305 (1965). In addition the digging of a ditch and the laying of drainage pipes from a dwelling house to a cesspool which was necessary to make the dwelling habitable and to afford necessary drainage for waste material from the house have been held sufficient to give rise to a lien. *Haas v. Wagner*, 78 D. & C. 478 (1951).

The drilling of a well and water system installation to an existing building clearly comes within the

meaning of the Mechanics' Lien Law of 1963 and would permit the filing of a lien in this case.

Is the mechanics' lien defective for failure to set forth specifically the kind and character of labor and material supplied?

Section 503 of the Mechanics' Lien Law (49 P.S. §1503) in subsection (6) provides that "The claim shall state a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for such thereof."

Attached to the mechanics' lien claim filed in this instant case are six invoices which set forth in detail the material provided for the well and central water receiving and distribution system in the building and individual unit prices set forth and the amount of each unit used. In addition, at the conclusion of four invoices dated May 14, 1984, which outline various materials supplied, is a charge for labor of $740. Also at the conclusion of the invoice dated January 16, 1984, which outlines several materials supplied, is a charge for labor of $60.

The law provides that all that is required of the nature of the claim is substantial compliance, and it is sufficient that enough appears on the face of the statement to point the way to successful inquiry, *A. L. Wisenberger Associates v. Jarpenn Co.,* 57 D. & C. 2d 147 (1972). In the case of *Pelesky v. Larsen,* 29 Som. L.J. 133 (1973), the court found that a claim for material and labor in building a cottage which itemized the material furnished and prices therefor, and which stated the total hours of labor at $3.75 per hour substantially complied with the requirements of a detailed statement of materials and labor.

In the instant case the materials supplied are specifically set forth; and while the labor supplied is not specifically set forth, it could reasonably be inferred

from the invoice that the labor set forth was for the installation of the listed materials. Therefore, the court finds that plaintiff has substantially complied with section 503(6) [49 P.S. §1503(6)] in setting forth the labor and material so as to point the way to successful inquiry by defendant in this litigation.

Is the mechanics' lien defective for failure to set forth the date of the completion of claimants work?

Section 503 of the Mechanics' Lien Law (49 P.S. §1503) provides in subsection (3) that "the claim shall state the date of completion of the claimant's work." The date of completion of claimant's work is imperative to any contest of the validity of the claim because section 502(a) of the act [49 P.S. §1502(a)] provides that a mechanics' lien claim must be filed within four months after the completion of the work. If the completion date is not set forth in the claim there is no way of determining that the claim has been timely filed.

In the mechanics' lien claim filed in the instant case there is no averment of a completion date, and hence defendant contends that the lien is defective on its face. Plaintiff contends that the date (May 14, 1984) of the last invoice, attached to the lien and alluded to on page two of the lien as the date from which interest should begin to run, is the date on which services were completed and that this indirect reference is sufficient to satisfy the statute. The court does not accept plaintiff's position that this is the only reasonable interpretation of the facts. The law is clear that a lien is defective for failure to aver the time when materials were furnished and work done. *Cowan v. Pennsylvania Plate Glass Co.*, 184 Pa. 16, 38 Atl. 1081 (1898).

The case of *Marchak v. McClure*, 176 Pa. Super. 381, 108 A.2d 77 (1954), on which plaintiff relies, differs in one important aspect from this case. In

*Marchak,* the lien was for a debt arising from the sale and delivery of goods. Attached to the lien was an invoice showing a date above the items delivered. The court inferred from these facts that the date on the invoice was the date that the goods were delivered. While this inference may be permissible for a delivery contract, the court does not beleive that the same inference is permissible in regard to a construction contract.

While May 14, 1984, may be the completion date, it may be only the billing date. Therefore, the court agrees with defendant that the mechanics' lien claim is defective on its face.

However, despite the claim being defective on its face, section 405 of the Mechanics' Lien Law (49 P.S. §1504) permits an amendment of the claim. Section 3504 provides:

"A claim may be amended from time to time without prejudice to intervening rights by agreement of the parties or by leave of court, except that no amendment shall be permitted after the time for filing a claim has expired which undertakes to:

"(1) substitute a different property than that described in the claim; or

"(2) substitute a different party with whom the claimant contracted; or

"(3) increase the aggregate amount of the claim."

As long as no prejudice to intervening rights may occur, amendment of liens should be liberally granted. *Ziegler Lumber & Supply Company v. Golden Triangle Development,* 229 Pa. Super. 548, 326 A.2d 524 (1974). Amendments are properly permitted even after a motion to strike off the claim. *Shatzer v. Abbott's Alderney Dairies Inc.,* 11 D. & C. 287 (1928).

The case of *Ernst v. Ferguson et al.,* 40 Wash. Co. 45 (1959), is a case in which a mechanics' lien

claim failed to include among other things the dates when the materials were furnished and the work was performed, the court interpreting the corresponding section (June 4, 1910, P.O. 431 §51, 49 P.S. §243) of the predecessor to the Act of 1963 permitted amendment. Because there is nothing presented to show any prejudice to intervening rights if an amendment is permitted, the court believes that plaintiff should be permitted to amend the mechanics' lien claim to aver the completion date. After the amended claim is filed, and if defendant finds that the claim was not filed within four months of the completion of the work, this court will entertain a motion to strike the amended claim.

Hence this order.

## ORDER

And now, this February 4, 1986, the preliminary objections in nature of a motion to strike is sustained as to the failure of plaintiff to aver the completion date of the claimant's work. In all other aspects the preliminary objections are denied.

It is further ordered that within 20 days after service of a copy of this order, plaintiff shall file an amended claim in conformity with the directions of this order.