## Washington Engineering & Construction Co. v. Nitrochem L.L.C.

C.P. of Fayette County, no. 2545 of 2001, G.D.

*Robert J. Blumling, Brian W. Ashbaugh* and *Stephen P. Engel,* for plaintiff.

*Joseph M. George Sr., Joseph F. Rodkey* and *Steven M. Nolan,* for defendant.

SOLOMON *J.,* May 13, 2002—Before the court are the preliminary objections of the defendant in the nature of a demurrer to the complaint of the plaintiff which seeks to enforce a mechanics' lien claim.

## BACKGROUND

On November 27, 2001, Washington Engineering & Construction Company, plaintiff, filed a complaint to enforce a mechanics' lien claim against Nitrochem L.L.C., defendant. Attached to the complaint was the mechanics' lien claim which set forth that the plaintiff was a contractor in an agreement with the defendant. In the agreement, dated February 14, 2001, the parties

agreed that the plaintiff would supply labor and materials for the improvement of the plant of the defendant, which is located at 899 Third Street, Newell, Fayette County, Pennsylvania. Attached to the mechanics' lien claim, as exhibit B, is a deed which contains a metes and bounds description of the property. The plaintiff asserts that it performed the work as agreed upon, and completed the project within four months of filing the mechanics' lien. Despite performing the work as agreed upon, the plaintiff asserts that it has yet to receive payment and claims to have a lien in the amount of $267,930.19, together with interest and costs, against the defendant, the project, and the property. Additionally, in its complaint, the plaintiff asserts claims under the Contractor and Subcontractor Payment Act.

## DISCUSSION

"[A] demurrer admits every well-pleaded material fact set forth in the pleadings, as well as all inferences, other than conclusions of law, reasonably deducible therefrom." *Berger v. Ackerman,* 293 Pa. Super. 457, 459, 439 A.2d 200, 201 (1981) citing *Tanenbaum v. Sears, Roebuck & Co.,* 265 Pa. Super. 78, 81, 401 A.2d 809, 810 (1979). "Moreover, [the court] must be able to state with certainty that upon the facts averred, the law will not permit recovery by the plaintiff." *Id.,* citing *Gekas v. Shapp,* 469 Pa. 1, 364 A.2d 691 (1976); *Hamill Quinlan Realty Co. Inc. v. Rosswog Homes Inc.,* 281 Pa. Super. 235, 422 A.2d 146 (1980).

In applying this case law to a mechanics' lien, a creature of statute in derogation of the common law, questions of interpretation, notice and other requirements

should be resolved in favor of strict construction. *Delinger Inc. v. Agresta,* 714 A.2d 1048 (Pa. Super. 1998). However, the doctrine of substantial compliance must also apply to the Mechanics' Lien Law. *Id.* It is also clear in a mechanics' lien proceeding that when the sustaining of a preliminary objection will result in a denial of a claim or a dismissal of suit, preliminary objections should be sustained only in those cases which are clear and free from doubt. *Chamber v. Todd Steel Pickling Inc.,* 323 Pa. Super. 119, 470 A.2d 159 (1983); *Castle Pre-Cast Superior Walls of Delaware Inc. v. Srauss-Hammer,* 416 Pa. Super. 53, 610 A.2d 503 (1992). Additionally, an allowance of amendments to a pleading is a matter of judicial discretion and are liberally permitted except where surprise or prejudice is likely, or where the amendment is against a positive rule of law. *Berman v. Herrick,* 424 Pa. 490, 227 A.2d 840 (1967). With regard to a mechanics' lien, Pa.R.C.P. 1656 sets forth the required contents of a complaint, and provides that:

"The plaintiff shall set forth in the complaint:

"(1) the name and address of each party to the action and, if the action is commenced by a subcontractor, the name and address of the contractor;

"(2) the court and numbers and the date of the filing of the claim and a copy thereof as an exhibit;

"(3) a demand for judgment."

In a commentary, Goodrich-Amram differentiates a complaint in a mechanics' lien proceeding from a typical civil action by stating, "[a]lthough the form of a complaint in an action upon a mechanics' lien should conform generally to that in a civil action, it appears to be

the intention of the rules that such a complaint should be more simplified than a complaint in a civil action and that no allegations need be included with respect to the factual details of the underlying claim. This is because all of the essential details which would ordinarily be required to be alleged in a complaint are contained in the previously filed mechanics' lien claim which must be attached to the complaint." 5 Goodrich-Amram §1656:2 (1990).

This, necessarily, leads us to what must be contained in a mechanics' lien claim. By statute, such a claim must contain:

"(1) the name of the party claimant, and whether he files as contractor or subcontractor;

"(2) the name and address of the owner or reputed owner;

"(3) the date of completion of the claimant's work;

"(4) if filed by a subcontractor, the name of the person with whom he contracted, and the dates on which preliminary notice, if required, and of formal notice for intention to file a claim was given;

"(5) if filed by a contractor under a contract or contracts for an agreed sum, an identification of the contract and a general statement of the kind and character of the labor or material furnished;

"(6) in all other cases than that set forth in clause (5) of this section, a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for each thereof;

"(7) the amount or sum claimed to be due; and

"(8) such description of the improvement and of the property claimed to be subject to the lien as may be reasonably necessary to identify them." 49 Pa.C.S. §1503.

A mechanics' lien is a special remedy in rem, and the terms of the Mechanics' Lien Law must be strictly followed in order that a plaintiff may avail himself of its benefits. *Begar v. Dorfman,* 45 D.&C. 136 (1943). While adherence to the terms of the statute is indispensable, we cannot allow such adherence to stifle a remedy intended to be simple and summary. *Intercoastal Lumber Distributors Inc. v. Derian,* 117 Pa. Super. 246, 178 A. 350 (1935). Thus, in considering a mechanics' lien claim, it must be kept in mind that substantial compliance with the Act is sufficient and is shown to exist wherever enough appears in the statement to point the way to successful inquiry. *Marchak v. McClure,* 176 Pa. Super. 381, 384, 108 A.2d 77, 79 (1954).

In the case at bar, the defendant contends that the pleadings are not sufficient for various reasons, and we will address each contention individually. First, the defendant contends that the complaint is insufficient because it "fails to set forth sufficient and specific facts that, if proven, would establish that the purported contract is for labor and materials furnished in the erection and construction of an improvement to real property. Rather, had [plaintiff] attached all the contract documents (including drawings), as it should have done under Pa.R.C.P. 1019(i), it would be clear that the purported contract upon which the plaintiff's claims are based related to work performed with respect to certain above ground storage tanks which are machinery and/or equipment, as opposed to fixtures or real property."

In *Marchak, supra,* the court concluded that the exhibit accompanying the claim was sufficiently clear to accomplish the purpose intended by the legislature. It set forth the materials furnished in semi-technical language, which was familiar to the great majority of home builders, and in such form as to be easily understood by those having knowledge of the character of work done by the claimant. *Marchak, supra.* In other words, an exhibit annexed to a claim and filed therewith is to be considered as part of the lien. *Id.* Furthermore, where a mechanics' lien claim identifies and describes by metes and bounds the real estate upon which the lien is sought, such description is entirely sufficient for the purpose of identifying the land to the owners thereof. *Marchak v. McClure, supra.*

In general, mechanics' liens cannot attach to land for work unconnected with the construction of buildings or other permanent structures. *King's Oak Liquidators v. Bala Cynwyd Hotel Associates,* 405 Pa. Super. 250, 592 A.2d 102 (1991). What can be included in a mechanics' lien claim, as constituting work to the permanent structure, and what cannot, has been established by case law. *Id.* For example, painting constitutes a "repair" for which a mechanics' lien may be filed, *Heller v. Millis,* 59 D.&C. 491 (1947), while installing chandeliers does not. *City Deposit Bank v. McClafferty,* 70 Pitt. L.J. 967 (1922). Therefore, a defendant needs to know specifically what labor was provided and what materials were furnished. Normally, this need not be included in the mechanics' lien complaint because such can be found in the attached mechanics' lien claim.

Instantly, the plaintiff attached a copy of the deed to the property to the claim and the complaint. However, the complaint, claim, and record simply state the scope of work done on the defendant's plant, which is located on the property described in the attached deed. There is no language to identify the type of labor provided, or the materials which were furnished. Without these elements, the defendant cannot determine if the work is within the scope of the Mechanics' Lien Law. As such, the pleadings lack the specificity required to enable the defendant to answer or to assert any possible affirmative defenses. Therefore, because the underlying mechanics' lien claim is insufficient in this regard, the complaint incorporating it is also insufficient.

The next issue the defendant argues is that the complaint is deficient because it "fails to specifically aver that the mechanics' lien claim is solely for material actually furnished for the erection, construction, alteration or repair of an improvement to real property" and improperly avers lost profits. By statute, every "improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement, provided that the amount of the claim, other than amounts determined by apportionment under section 306(b) of this Act, shall exceed $500." 49 P.S. §1301. Thus, a mechanics' lien can be sustained only for work and labor actually performed and material furnished. *Hoekstra v. Hopkins,* 87 Pa. Super. 15 (1926).

As set forth *supra,* a complaint to enforce a mechanics' lien claim need not specifically aver that the materials are for the erection, construction, alteration or repair of an improvement to real property where the underlying mechanics' lien claim contains such averments. Instantly, because the underlying claim is lacking, the plaintiff must amend its complaint in order to put the defendant in a position to be able to answer and plead affirmative defenses.

With regard to the plaintiff's claim for lost profits, as stated *supra,* a mechanics' lien is a special remedy in rem and the terms of the Mechanics' Lien Law must be strictly followed in order that a plaintiff may avail himself of its benefits. *Begar v. Dorfman, supra.* Thus, because it is clear that a mechanics' lien claim is only for materials actually furnished and labor actually provided, the claim for lost profits must be stricken from the complaint.

The defendant next contends that a Contractor and Subcontractor Payment Act claim cannot be joined in a Mechanics' Lien Law claim and, consequently, plaintiff's claim under the Contractor and Subcontractor Payment Act should be stricken from the complaint. Once again, this matter is governed by rule.

"No other cause of action may be joined with an action to obtain judgment on a [mechanics' lien] claim except that where the improvement is located in more than one county and claims have been filed in more than one of said counties, the plaintiff may join the claims in a single action." Pa.R.C.P. 1657. Since the Mechanics' Lien Law is a creature of statute in derogation of the common law, any questions of interpretation should be resolved

in favor of a strict, narrow construction. *Denlinger Inc. v. Agresta, supra.* Thus, it is clear from the language in the Rules of Civil Procedure that the plaintiff may not join a Contactor and Subcontractor Payment Act action with its Mechanics' Lien Law action. Therefore, such a claim must be stricken from the complaint.

Wherefore, we will enter the following order.

### ORDER

And now, May 13, 2002, upon consideration of the preliminary objections filed by the defendant, and after argument, it is hereby ordered and decreed that the preliminary objections are granted in part and denied in part. The preliminary objection in the nature of a demurrer is ordered denied, while the preliminary objection in the nature of a more specific complaint consistent with the foregoing opinion is ordered granted.

It is further ordered and decreed that the preliminary objections to the claim for lost profits and to the claim under the Contractor and Subcontractor Payment Act are granted and the same are ordered stricken from the complaint of the plaintiff.